## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **REYNA ANGELINA ORTIZ** (legal name **RAYMOND ORTIZ**), **KEISHA ALLEN** (legal name **WAYNE ALLEN**), **AMARI GARZA** (legal name **ARMANDO GARZA**), **HEAVEN EDWARDS** (legal name **PATRICK EDWARDS**), **EISHA LATRICE LOVE** (legal name **DARVERIS LAMAR LOVE**), **SHAMIKA LOPEZ CLAY** (legal name **MARCUS CLAY**), **SAVANNAH JOSEPHINE FRAZIER** (legal name **TONY WILLIS**) **and KAMORA LOVELACE** (legal name **LATUAN WALKER**), | **Case No.** |
| Plaintiffs, | |
| v. | |
| **KIMBERLY M. FOXX,** not personally but solely in her capacity as Cook County State's Attorney, **TIMOTHY C. EVANS,** not personally but solely in his capacity as the Chief Judge of the Circuit Court of Cook County, and **SHARON M. SULLIVAN,** not personally but solely in her capacity as the Presiding Judge of the County Division of the Circuit Court of Cook County, | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Reyna Angelina Ortiz (legal name Raymond Ortiz), Keisha Allen (legal name Wayne Allen), Amari Garza (legal name Armando Garza), Heaven Edwards (legal name Patrick Edwards), Eisha Latrice Love (legal name Darveris Lamar Love), Shamika Lopez Clay (legal name Marcus Clay), Savannah Josephine Frazier (legal name Tony Willis), and Kamora Lovelace (legal name Latuan Walker) (collectively "Plaintiffs"), by their undersigned counsel, bring this Complaint for declaratory and injunctive relief and challenge the constitutionality of the Illinois Name Change Statute, 735 ILCS 5/21-101 *et seq*., as it applies to them, and state as follows:

## NATURE OF THE CASE

1.      Plaintiffs are transgender women who have been living under their chosen names, which are fundamental to their self-expression and identities, for years or decades. Due to arbitrary, overbroad, and unreasonable prior restraints contained in the Illinois Name Change Statute, however, Plaintiffs have been prevented from legally changing their names so that their legal names, and the names contained on their legal identifications, match their chosen names and identities. These arbitrary and unreasonable restraints have had serious repercussions for Plaintiffs' physical safety and mental well-being, as well as their liberty to express themselves, to express their identities, and to live in freedom and equality.

2.      The Illinois Name Change Statute is by far the most onerous in the country in the wait time it imposes for persons convicted of felonies to file petitions for name changes, barring any persons with a felony conviction from changing their legal name until ten years after the completion and discharge from their sentence. 735 ILCS 5/21-101(b). Moreover, persons convicted of certain felonies or misdemeanors, including identity theft and specified sexual offenses, are not permitted to file petitions for name changes at all unless pardoned. *Id.*

3.      Plaintiffs have each been convicted of felonies within the past ten years, or other specified felonies or misdemeanors set forth in the Illinois Name Change Statute, and are therefore prohibited from filing petitions for name changes to have their legal names conform to their chosen names. The restraints of the Illinois Name Change Statute, as applied to Plaintiffs, do not further and are not related to any legitimate or important state interest. To the contrary, the restraints are arbitrary, unreasonable, and serve only to infringe Plaintiffs' fundamental rights of speech, self-expression, liberty, and due process under the First and Fourteenth Amendments to the United States Constitution.

4.     For these reasons, Plaintiffs bring this action for declaratory and injunctive relief, seeking a declaration that the Illinois Name Change Statute is unconstitutional as applied to them, and enjoining Defendants—the State of Illinois officials responsible in their official capacities for enforcing the Illinois Name Change Statute, preventing Plaintiffs from filing petitions for name changes, and denying any petitions for name changes filed by Plaintiffs—from (a) objecting to Plaintiffs' name change petitions; (b) preventing Plaintiffs' filing of name change petitions; and (c) denying Plaintiffs' name change petitions on the grounds that Plaintiffs have been convicted of felonies within the past ten years or have been convicted of other specified felonies or misdemeanors barring them from filing petitions for name changes under 735 ILCS 5/21-101(b).

## PARTIES

5.     Plaintiff Reyna Angelina Ortiz (legal name Raymond Ortiz) ("Reyna") is a citizen of the United States and a resident of Cook County, Illinois.

6.     Plaintiff Keisha Allen (legal name Wayne Allen) ("Keisha") is a citizen of the United States and a resident of Cook County, Illinois.

7.     Plaintiff Amari Garza (legal name Armando Garza) ("Amari") is a citizen of the United States and a resident of Cook County, Illinois.

8.     Plaintiff Heaven Edwards (legal name Patrick Edwards) ("Heaven") is a citizen of the United States and a resident of Cook County, Illinois.

9.     Plaintiff Eisha Latrice Love (legal name Darveris Lamar Love) ("Eisha") is a citizen of the United States and a resident of Cook County, Illinois.

10.     Plaintiff Shamika Lopez Clay (legal name Marcus Clay) ("Shamika") is a citizen of the United States and a resident of Cook County, Illinois.

11.     Plaintiff Savanna Josephine Frazier (legal name Tony Willis) ("Savannah") is a citizen of the United States and a Resident of Cook County, Illinois.

12.     Plaintiff Kamora Lovelace (legal name Latuan Walker) ("Kamora") citizen of the United States and a Resident of Cook County, Illinois.

13.     Defendant Kimberly M. Foxx ("State's Attorney Foxx"), not personally, but solely in her official capacity, is the Cook County State's Attorney. In her official capacity, State's Attorney Foxx is causally connected with the enforcement of the Illinois Name Change Statute, such that declaratory and injunctive relief against State's Attorney Foxx would redress Plaintiffs' injuries. State's Attorney Foxx is the official charged with requesting updates to Plaintiffs' criminal history transcripts, receiving service of Plaintiffs' name change petitions, and filing objections to Plaintiffs' name change petitions on behalf of the State of Illinois. *See* 735 ILCS 5/21-102(b); 735 ILCS 5/21-102.5. State's Attorney Foxx is being sued solely for declaratory and injunctive relief to address an ongoing violation of federal law, pursuant to *Ex Parte Young*, 209 U.S. 123 (1908).

14.     Defendants Timothy C. Evans ("Chief Judge Evans") and Sharon M. Sullivan ("Presiding Judge Sullivan"), not personally, but solely in their official administrative capacities, are, respectively, the Chief Judge of the Circuit Court of Cook County and the Presiding Judge of the County Division of the Circuit Court of Cook County. In their official administrative capacities, Chief Judge Evans and Presiding Judge Sullivan are causally connected with the enforcement of the Illinois Name Change Statute, such that declaratory and injunctive relief against Chief Judge Evans and Presiding Judge Sullivan would redress Plaintiffs' injuries. Chief Judge Evans and Presiding Judge Sullivan are the officials charged with promulgating the rules, regulations, and policies of the Circuit Court of Cook County and the County Division, the court

and division charged with granting or denying Plaintiffs' petitions for name changes under the

Illinois Name Change Statute, and charged with enforcement of the prohibition against filing of

petitions for name changes by persons convicted of felonies within the past ten years or convicted

of other specified felonies or misdemeanors. *See* 735 ILCS 5/21-101; 735 ILCS 5/21-102(b); Cook

County Circuit Court General Order No. 1.2.2.1(d). Chief Judge Evans and Presiding Judge

Sullivan are being sued solely for declaratory and injunctive relief to address an ongoing violation

of federal law, pursuant to *Ex Parte Young*, 209 U.S. 123 (1908).

## JURISDICTION AND VENUE

15.     This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, to redress

the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

16.     This Court has personal jurisdiction over each of the Defendants, because the

Defendants reside and work in their official capacities in Illinois, and the official acts and

omissions of each Defendant giving rise to Plaintiffs' claims occurred in Illinois.

17.     This Court has subject matter jurisdiction over the claims alleged herein pursuant

to 28 U.S.C. §§ 1331, 1343, and 1367.

18.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside

in this District and a substantial part of the events and omissions giving rise to Plaintiffs' claims

occurred within this District.

19.     Plaintiffs have standing to bring this action because the Illinois Name Change

Statute presently restrains and prohibits each Plaintiff from filing a petition for name change. Thus,

the Illinois Name Change Statute is presently and will in the future continue to impose a prior

restraint on Plaintiffs' constitutional rights of free speech and self-expression under the First

Amendment to the United States Constitution, and is presently and will continue to deprive

Plaintiffs of their constitutional rights to due process under the Fourteenth Amendment to the United States Constitution. Because Defendants, in their official capacities, are each causally connected with the enforcement of the Illinois Name Change Statute, Plaintiffs have suffered injuries-in-fact that are fairly traceable to Defendants' official conduct and are likely to be redressed by the relief requested herein.

## PLAINTIFFS' EXPERIENCES UNDER
## THE ILLINOIS NAME CHANGE STATUTE

**A.      Plaintiff Reyna Angelina Ortiz**

20.      Reyna has lived her life under her chosen name of Reyna Angelina Ortiz since 1993. She took the name "Reyna," which means queen in Spanish, as a teenager. "Angelina," is the name of her niece and signifies the importance of family. The name "Reyna Angelina Ortiz" is a manifestation and expression of her personal identity.

21.      Reyna pled guilty to a charge of identity theft, forgery, and theft in 2003. Her conviction carries a lifetime ban on filing a name change petition under the Illinois Name Change Statute. Accordingly, as a result of her conviction, Reyna has lost the ability to legally change her name, and has been regularly subjected to compulsory speech and discrimination as a result of being forced to present a government-issued identification containing her legal name ever since.

22.      Since completing her sentence, Reyna has had no further convictions.

23.      The Illinois Name Change Statute forces Reyna to speak and respond to a name that subjects her to discrimination every time she is required to present her government-issued identification in a public setting.

24.      The ability to change her legal name would allow Reyna to live her life as herself, free from the forced outing that takes place every time she is required to present a government-issued identification or to be called by her legal name in public.

25.     The Illinois Name Change Statute also denies Reyna her fundamental right to self-identify by legally changing her name to her chosen name, as demonstrated every time she is required to engage in compelled speech and to out herself as a transgender woman by presenting her government-issued identification.

26.     Reyna has faced discrimination when she presents her government-issued identification in a public setting on numerous occasions.

27.     On one such occasion, an employee of the U.S. Postal Service refused to give Reyna a package because the Postal Service employee did not believe her to be the person identified on her government-issued identification.

28.     On another such occasion, Reyna applied to change the gender marker on her government-issued identification with the Illinois Secretary of State. On her first visit to the Secretary of State's office, she was repeatedly mis-gendered and the Secretary of State's office refused to accept her application. It was only after Reyna returned with an attorney that her application was processed appropriately.

29.     On several occasions, Reyna has been put at risk when visiting a restaurant, bar, or casino when she is forced to out herself as a transgender woman by presenting her government-issued identification. In each of these situations the bouncer has loudly commented on her legal name and outed her to a crowd of people waiting.

30.     Reyna's government-issued identification has also prevented her from pursuing her education. Reyna is currently employed as a social service worker. She has not gone back to school for her associate's degree, bachelor's degree, or master's degree because she would be required to register under her legal name and fears being outed in class. This significantly limits Reyna's earning potential.

**B.      Plaintiff Keisha Allen**

31.      Keisha has lived her life under her chosen name of Keisha Allen for the last twenty-five years. She took the name "Keisha" because she did not identify with her legal name and did not want to continue to be associated with a traditionally masculine name.

32.      Keisha pled guilty in 1994 to a sexual offense requiring registration and carrying a lifetime ban on filing a name change petition under the Illinois Name Change Statute. Accordingly, as a result of her conviction, Keisha lost the ability to legally change her name, and has been regularly subjected to compulsory speech and discrimination as a result of being forced to present a government-issued identification sporting her legal name ever since.

33.      Since completing her sentence, Keisha has had no further convictions.

34.      The Illinois Name Change Statute forces Keisha to speak and respond to a name that subjects her to discrimination every time she is required to present her government-issued identification in a public setting.

35.      The ability to change her legal name would allow Keisha to live her life as herself, without the forced outing that takes place every time she is required to present a government-issued identification or is called by her legal name in public.

36.      The Illinois Name Change Statute also denies Keisha her fundamental right to self-identify by legally changing her name to her chosen name, as demonstrated every time she is required to engage in compelled speech and to out herself as a transgender woman by presenting her government-issued identification.

37.      Keisha has faced discrimination when she presents her government-issued identification on numerous occasions.

38.     On one such occasion, Keisha was denied food stamps when she applied under her chosen name. She was forced to re-apply for food stamps under her legal name before she was able to obtain this public benefit.

39.     On several occasions, Keisha has been outed as a transgender woman while applying for jobs and, as a result, has had difficulty obtaining employment.

40.     Twice in the last two years, Keisha has been subjected to physical assault in the workplace as a result of having been outed as a transgender woman. On each of these occasions, Keisha has left the job to seek employment where she could feel safe at the job site.

41.     Due to the Illinois Name Change Statute, Keisha is continually forced to out herself as a transgender woman in the workplace. This has negatively impacted Keisha's ability to hold a steady, long-term job and limits Keisha's earning potential.

**C.     Plaintiff Amari Garza**

42.     Amari has lived her life under her chosen name of Amari Garza for about forty years. The name "Amari" is a manifestation of her personal identity, reflecting her strength and resiliency through a lifetime of struggles. "Amari" stands for love and faith, and is a symbol of her outlook on life, which is to remain positive in the face of adversity and to stand as an uplifting example for others.

43.     Amari pled guilty to a charge of identity theft on April 10, 2003. Her conviction carries a lifetime ban on filing a name change petition under the Illinois Name Change Statute. Accordingly, as a result of her conviction, Amari lost the ability to legally change her name and has been regularly subjected to compulsory speech and discrimination as a result of being forced to present a government-issued identification sporting her legal name, Armando Garza, ever since.

44.     Since completing her sentence, Amari has had no further convictions.

45.     The ability to change her legal name would allow Amari to live her life as herself, free from the forced outing that takes place every time she is called by her legal name in public.

46.     The Illinois Name Change Statute not only impinges on Amari's ability to express herself and identify with her true self, but it also forces her to speak and respond to a name that subjects her to discrimination every time she is forced to present her government-issued identification in a public setting.

47.     The Illinois Name Change Statute also denies Amari her fundamental right to self-identify by legally changing her name to her chosen name, as demonstrated every time she is forced to out herself as a transgender woman by presenting her government-issued identification.

48.     Amari has faced discrimination when she presents her government-issued identification in a public setting on numerous occasions.

49.     On one such occasion in September 2018, Amari was publicly humiliated when a Community and Economic Development Association of Cook County, Inc. office employee initially refused her service because she did not believe Amari was the person identified on her government-issued identification.

50.     On another such occasion, Amari felt unsafe after being outed as a transgender woman in the waiting room of a large public aid office on the southside of Chicago, when other individuals in the waiting room began to mock and stare at her. Even though there was a security guard within earshot, he did nothing more than smirk at Amari.

51.     Amari's government-issued identification has also prevented her from pursuing her education. She previously attempted to enroll in a social service program at Kennedy King College, but feared being outed in class after an admissions counselor explained that Amari must

be enrolled under her legal name, leaving the decision as to the name by which she would be addressed in class up to Amari's individual professors.

52.     Amari has not gone back to school for her associate's degree, bachelor's degree, or master's degree because she would be required to register under her legal name and fears being outed in class. This significantly limits Amari's earning potential.

53.     Amari is also frequently denied her fundamental rights of self-identity and self-expression during frequent visits to the hospital, where many individuals on the hospital staff refuse to call her by her chosen name, instead calling by her legal name and forcing Amari to be outed as a transgender woman regardless of who is present in the hospital waiting room.

**D.      Plaintiff Heaven Edwards**

54.     Heaven has lived her life under her chosen name of Heaven Edwards since the age of eighteen. The name "Heaven" is aspirational, as it represents the person and lifestyle she is working towards. Heaven also symbolizes a break from her troubled past and childhood, representing instead the happy-go-lucky, honest, kind, generous, and loyal person she stands as today.

55.     After pleading guilty to prostitution in September 2012, Heaven completed her sentence in 2013, meaning she does not become eligible to legally change her name until January 2023. The ability to change her legal name would allow Heaven to live her life as herself, free from the forced outing which takes place every time she presents her government-issued identification in a public setting.

56.     The Illinois Name Change Statute not only impinges on Heaven's ability to express herself and identify with her true self, but it also forces her to speak and respond to a name that subjects her to discrimination every time she is forced to present her government-issued

11

identification in public. Therefore, the statute violates Heaven's First Amendment rights to both pure and symbolic speech.

57.     The Illinois Name Change Statute also denies Heaven her fundamental right to self-identify by legally changing her name to her chosen name, as demonstrated every time she is required to present her government-issued identification.

58.     Heaven is frequently denied her fundamental rights of self-identity and self-expression during frequent visits to the hospital, where she is forced to present her government-issued identification regardless of who is present in the hospital waiting room.

59.     Heaven also faces discrimination en route to her hospital appointments, when the hospital-supplied shuttle drivers frequently do not believe that she is the individual identified on her government-issued identification or their list of patients to transport.

60.     Heaven has faced discrimination when she presents her government-issued identification in a public setting on numerous occasions.

61.     Heaven's legal name has held her back from obtaining and maintaining employment.

62.     On several occasions, Heaven's interviews and applications appeared promising until the moment that employers recognize the discrepancy between Heaven's given name and appearance, at which point she is forced to be outed as a transgender woman.

63.     On one such occasion, Heaven began receiving disparate treatment at work only once her coworkers noticed that she signed her legal name on the daily sign-in sheets, as is required at the temporary agency at which Heaven most recently worked. Heaven was eventually terminated from this position.

64.     Heaven is also frequently discriminated against while receiving public benefits, when everyone stops and looks at her once she is forcibly outed as a transgender woman when her legal name is called aloud.

65.     Heaven regularly avoids places that require the presentation of a government-issued identification, and rarely goes out to socialize because of her fears about being outed at a transgender woman in public, social settings such as clubs or bars.

**E.      Plaintiff Eisha Latrice Love**

66.     Eisha has lived her life under her chosen name of Eisha Latrice Love for thirteen years, since she was sixteen years old. The name "Eisha" is an homage to a relative of a similar name who initially did not accept Eisha's identity. Eisha strove to be a better representation of that relative, and in doing so inspired love and acceptance from the woman who initially did not understand her. The name "Eisha" matches who she is on the inside and out, and continues to motivate her to be the best version of herself possible.

67.     Following her conviction of aggravated battery in a public place in 2015, Eisha lost the ability to legally change her name until 2026, and has been regularly subjected to compulsory speech and discrimination as a result of being forced to present a government-issued identification sporting her legal name ever since.

68.     Since completing her sentence, Eisha has had no further convictions.

69.     The ability to change her legal name would allow Eisha to live her life as herself, free from the forced outing that takes place every time she is called by her legal name in public.

70.     The Illinois Name Change Statute not only impinges on Eisha's ability to express herself and identify with her true self, but it also forces her to speak and respond to a name that subjects her to discrimination every time she is forced to present her government-issued identification in a public setting.

13

71.     The Illinois Name Change Statute also denies Eisha her fundamental right to self-identify by legally changing her name to her chosen name, as demonstrated every time she is required to engage in compelled speech and to out herself as a transgender woman by presenting her government-issued identification.

72.     Eisha has faced discrimination when she presents her government-issued identification in a public setting on numerous occasions.

73.     On one such occasion, a Regional Transit Authority employee denied Eisha disability transit benefits and caused her emotional distress after seeing her government-issued identification and discovering Eisha is a transgender woman. The employee subjected Eisha to interrogating and judgmental questions about the transgender community before incorrectly telling her that her paperwork was incomplete. Eisha was forced to leave without her benefits and return another day to receive them.

74.     Eisha often feels unsafe in public settings, such as entering nightclubs, where bouncers upon seeing her government-issued identification will out her to strangers as having a male name. She feels physically at risk in these situations because she does not know how people will react. As a result, Eisha often withdraws from social events.

75.     Eisha has an established career as a public figure, and engages in speaking events. Organizers often pay her in the form of checks reflecting her chosen name instead of her legal name. Eisha is unable to deposit these checks. She instead must engage in a time-consuming and embarrassing process of sending the checks back and requesting replacements.

**F.      Plaintiff Shamika Lopez Clay**

76.     Shamika has lived her life under her chosen name of Shamika Lopez Clay for twenty-seven years, since she was in eighth grade. The name "Shamika" embodies beauty to Shamika and connects with her vision of herself.

77.     Following her conviction of prostitution in 2013, Shamika lost the ability to legally change her name until 2025, and has been regularly subjected to compulsory speech and discrimination as a result of being forced to present a government-issued identification sporting her legal name ever since.

78.     Since completing her sentence, Shamika has had no further convictions.

79.     The ability to change her legal name would allow Shamika to live her life as herself, free from the forced outing that takes place every time she is called by her legal name in public.

80.     The Illinois Name Change Statute not only impinges on Shamika's ability to express herself and identify with her true self, but it also forces her to speak and respond to a name that subjects her to discrimination every time she is forced to present her government-issued identification in a public setting.

81.     The Illinois Name Change Statute also denies Shamika her fundamental right to self-identify by legally changing her name to her chosen name, as demonstrated every time she is required to engage in compelled speech and to out herself as a transgender woman by presenting her government-issued identification.

82.     Shamika has faced discrimination when she presents her government-issued identification in a public setting on numerous occasions.

83.     At various times in her life and as recently as 2018, Shamika has been homeless and has sought lodging at homeless shelters. She has not been receiving such services as a result of being a transwoman, a fact that is apparent from her government-issued identification.

84.     Shamika often feels unsafe in public settings. She avoids places where she has to show her government-issued identification out of fear of physical and verbal attacks.

**G.      Plaintiff Savannah Josephine Frazier**

85.      Savannah has lived her life under her chosen name of Savannah Josephine Frazier since at least 2013. The name "Savannah," was inspired by the movie Waiting to Exhale, which Savannah identified closely with. The name "Josephine" is inspired by Josephine Baker, a strong black woman with significant contributions both to the French Resistance during World War II and to the Civil Rights Movement in the United States. The surname "Frazier" is the surname of Savannah's grandmother, her best friend and the first person she came out. The name "Savannah Josephine Frazier" is a manifestation and expression of her personal identity.

86.      Savannah pled guilty to a charge of retail theft in 2013. As a result of her conviction, Savannah lost the ability to change her name until September 13, 2026, and has been regularly subjected to compulsory speech and discrimination as a result of being forced to present a government-issued identification containing her legal name ever since.

87.      Since completing her sentence, Savannah has had no further convictions.

88.      The Illinois Name Change Statute forces Savannah to speak and respond to a name that subjects her to discrimination every time she is required to present her government-issued identification in a public setting.

89.      The ability to change her legal name would allow Savannah to live her life as herself, free from the forced outing that takes place every time she is required to present a government-issued identification or to be called by her legal name in public.

90.      The Illinois Name Change Statute also denies Savannah her fundamental right to self-identify by legally changing her name to her chosen name, as demonstrated every time she is required to engage in compelled speech and to out herself as a transgender woman by presenting her government-issued identification.

91.     Savannah has faced discrimination when she presents her government-issued identification in a public setting on numerous occasions.

92.     On one such occasion, Savannah was travelling to Atlanta, Georgia and was accused by a Transportation Security Administration agent of using someone else's identification. As a result, Savannah was delayed for approximately 30 minutes before she was allowed to pass through security.

93.     On another occasion, Savannah was applying for an Illinois Link Card and was required to present several additional forms of identification. Savannah was turned away twice when applying for her Illinois Link card before her application was accepted.

94.     As a result of her experiences, Savannah avoids purchasing alcohol in her neighborhood where she might be outed, refuses to join her family on cruises which would require a U.S. Passport with a name she does not identify with, and will not go back to school where she might be outed in the classroom.

**H.     Plaintiff Kamora Lovelace**

95.     Kamora has lived her life under her chosen name of Kamora Lovelace for the past two years. She assumed the name "Kamora" because it is classy and professional and connects with her vision of herself.

96.     Following her guilty plea to a charge of aggravated discharge of a firearm in May 2018, Kamora lost the ability to legally change her name until 2032, and has been regularly subjected to compulsory speech and discrimination as a result of being forced to present a government-issued identification sporting her legal name ever since.

97.     Kamora has had no further convictions.

98. The ability to change her legal name would allow Kamora to live her life as herself, free from the forced outing that takes place every time she is called by her legal name in public.

99. The Illinois Name Change Statute not only impinges on Kamora's ability to express herself and identify with her true self, but it also forces her to speak and respond to a name that subjects her to discrimination every time she is forced to present her government-issued identification in a public setting.

100. The Illinois Name Change Statute also denies Kamora her fundamental right to self-identify by legally changing her name to her chosen name, as demonstrated every time she is required to engage in compelled speech and to out herself as a transgender woman by presenting her government-issued identification.

101. Kamora has faced discrimination when she presents her government-issued identification in a public setting on numerous occasions.

102. As a professional truck driver, Kamora was required to wear a name tag publicly displaying a name that did not fit her physical appearance, subjecting Kamora to ridicule and embarrassment, as a result of which she eventually stopped working, and which made her reluctant to seek a new employment in her profession.

103. Kamora often feels embarrassed in public settings and avoids places where she has to show her government-issued identification out of fear of being subjected to ridicule and embarrassment.

**COUNT I**
**Deprivation of Civil Rights, 42 U.S.C. 1983 –**
**First Amendment (Freedom of Speech)**

104. Plaintiffs adopt and incorporate Paragraphs 1-103 of this Complaint by reference as if fully set forth herein.

105.    At all times relevant hereto, Plaintiffs had and have a right under the First Amendment to the United States Constitution to free speech, free expression, and freedom of thought, which includes both the right to speak freely and the right to refrain from speaking at all. The right to speak and the right to refrain from speaking are complementary components of the broader concept of individual freedom of mind.

106.    First Amendment protection extends to expressive conduct or "symbolic" speech, just as it does to literal or "pure" speech.

107.    First Amendment protections extend to forced, or compelled speech, whether such speech involves compelled statements of opinion or compelled statement of fact. Either form of compulsion burdens protected speech.

108.    A person's right to choose, speak, and identify by a particular name is protectable speech under the First Amendment. A person's chosen name falls under both pure and symbolic speech that symbolizes a person's personal expression and identity.

109.    Plaintiffs' right to self-expression by changing their names is protectable speech, impeded by the Illinois Name Change Statute and its arbitrary and unreasonable bar prohibiting Plaintiffs from changing their legal names due to Plaintiffs' status as convicted felons is unconstitutional as applied to Plaintiffs.

110.    As a result of the Illinois Name Change Statute, Plaintiff are forced to speak, respond to, and acknowledge legal names that do not comport with their gender or personal identities.

111.    Forcing Plaintiffs to speak and identify by their legal names is a violation of their First Amendment rights. Doing so exposes Plaintiffs to public harm, danger, and discrimination by forcibly outing Plaintiffs as transgender women every time they are forced to present their

government-issued identifications, which bear their legal names rather than chosen names, in public.

112.    The Illinois Name Change Statute as applied to Plaintiffs is not narrowly tailored to promote a compelling government interest.

113.    The Illinois Name Change Statute also is not substantially related to furthering an important government interest and is not rationally connected to a legitimate state interest.

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment in favor of Plaintiffs and against Defendants:

A.    Declaring that the Illinois Name Change Statute is unconstitutional as applied to Plaintiffs;

B.    Preliminarily and permanently enjoining Defendants from (a) objecting to Plaintiffs' name change petitions; (b) preventing Plaintiffs' filing of name change petitions; and (c) denying Plaintiffs' name change petitions on the grounds that Plaintiffs have been convicted of felonies within the past ten years or have been convicted of other specified felonies or misdemeanors barring them from filing petitions for name changes under 735 ILCS 5/21-101(b); and

C.    Granting such other and further relief the Court determines to be necessary or appropriate.

## COUNT II
### Deprivation of Civil Rights, 42 U.S.C. 1983 –
### Fourteenth Amendment (Due Process; Property)
### (Plaintiffs Keisha, Shamika, Heaven, Amari, Eisha, and Reyna)

114.    Plaintiffs adopt and incorporate Paragraphs 1-103 of this Complaint by reference as if fully set forth herein.

115. At all times relevant hereto, Plaintiffs had and have a right under the Fourteenth Amendment to the United States Constitution to due process, including protection from state governmental deprivations of property without due process of law.

116. Under the Fourteenth Amendment, a statute unconstitutionally deprives a person of due process if it impermissibly deprives a person of a property interest. If that interest is a fundamental right, the statute can only be justified by a compelling state interest, narrowly drawn to express only the legitimate state interests at stake.

117. An amendment to the Illinois Name Change Statute effective as of July 23, 2010, states: "Common law name changes adopted in this State on or after July 1, 2010 are invalid." 735 ILCS 5/21-105.

118. Plaintiffs Keisha, Shamika, Heaven, Amari, Eisha, and Reyna (the "Pre-2010 Name Change Plaintiffs") all adopted and lived under their chosen names prior to July 1, 2010.

119. Prior to July 1, 2010, Illinois courts had held that individuals could lawfully change their names without resort to any legal proceedings and that names would, for all purposes, constitute those individuals' legal name just as much as if they had born with those names.

120. Because the Pre-2010 Name Change Plaintiffs assumed their chose names prior to July 1, 2010, they legally changed their names pursuant to the common law and, consequently, had and have a property interest in their pre-2010 common law names.

121. By retroactively invaliding the Pre-2010 Name Change Plaintiffs' common law names, the Illinois Name Change Statute deprived the Pre-2010 Name Change Plaintiffs of their property interest in their common law names.

122.    The State's deprivation of the Pre-2010 Name Change Plaintiffs of their property interest in their common law names is not narrowly tailored to promote a compelling government interest.

123.    The State's deprivation of the Pre-2010 Name Change Plaintiffs of their property interest in their common law names also is not substantially related to furthering an important government interest and is not rationally connected to a legitimate state interest.

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment in favor of Plaintiffs and against Defendants:

A.    Declaring that the State's deprivation of the Pre-2010 Name Change Plaintiffs of their property interest in their common law names is void;

B.    Declaring that the Pre-2010 Name Change Plaintiffs have retained and legally adopted their chosen names under Illinois common law and are entitled to live, work, and have identification issued under their common law names;

C.    Preliminarily and permanently enjoining Defendants from (a) objecting to Plaintiffs' name change petitions; (b) preventing Plaintiffs' filing of name change petitions; and (c) denying Plaintiffs' name change petitions on the grounds that Plaintiffs' common law names are invalid; and

D.    Granting such other and further relief the Court determines to be necessary or appropriate.

**COUNT III**
**Deprivation of Civil Rights, 42 U.S.C. 1983 –**
**Fourteenth Amendment (Due Process; Liberty)**
**<u>Right of Self Identification</u>**

124.    Plaintiffs adopt and incorporate Paragraphs 1-103 of this Complaint by reference as if fully set forth herein.

125.     At all times relevant hereto, Plaintiffs had and have a right under the Fourteenth Amendment to the United States Constitution to due process, including protection from state governmental deprivations of liberty without due process of law.

126.     Under the Fourteenth Amendment, a statute unconstitutionally deprives a person of due process if it impermissibly restricts a person's liberty interest. If that interest is a fundamental right, the statute can only be justified by a compelling state interest, narrowly drawn to express only the legitimate state interests at stake.

127.     Plaintiffs' right to self-identify is a fundamental right. It is, quintessentially the right to define one's own concept of existence, which lies at the heart of liberty.

128.     The right to self-identify is central to personal dignity and autonomy and a necessary component of the right to define one's own concept of existence. In fact, there is a long tradition of recognizing the right of the individual to self-identify by changing one's name. The right of individuals to change their names was recognized at common law long before the founding of our country.

129.     Until the advent of name-change statutes, individuals could self-identify by changing their own names through general usage or habit and without resorting to legal proceedings.

130.     Illinois' name change statute was originally enacted in 1874.

131.     Even after the advent of name-change statutes, under Illinois law, individuals could still lawfully change their names without legal proceedings, where for all purposes the assumed names constituted their legal names just as if it was the name with which they were born.

132.     Common law name changes remained valid until July 1, 2010.

133.     Until 1993, the standard for granting name change petitions pursuant to statute was simple. Any such petition was ordinarily granted so long as the petition complied with the form in the statute, provided notice as required by the statute, and there otherwise appeared no reason why the petition should not be granted.

134.     In 1993, the Illinois Name Change Statute was changed to deny individuals with certain criminal convictions the right to self-identify through statutory name changes.

135.     Illinois' denial of Plaintiffs' fundamental right to self-identify is demonstrated every time they are required to engage in compelled speech and to out themselves as transgender women by presenting their government-issued identifications.

136.     The Illinois Name Change Statute as applied to Plaintiffs is not narrowly tailored to promote a compelling government interest.

137.     The Illinois Name Change Statute also is not substantially related to furthering an important government interest and is not rationally connected to a legitimate state interest.

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment in favor of Plaintiffs and against Defendants:

A.     Declaring that the Illinois Name Change Statute is unconstitutional as applied to Plaintiffs;

B.     Preliminarily and permanently enjoining Defendants from (a) objecting to Plaintiffs' name change petitions; (b) preventing Plaintiffs' filing of name change petitions; and (c) denying Plaintiffs' name change petitions on the grounds that Plaintiffs have been convicted of felonies within the past ten years or have been convicted of other specified felonies or misdemeanors barring them from filing petitions for name changes under 735 ILCS 5/21-101(b); and

C.      Granting such other and further relief the Court determines to be necessary or appropriate.


Dated: May 1, 2019

By: /s/ Gregory E. Ostfeld
Greenberg Traurig, LLP
Gregory E. Ostfeld (ARDC # 6257163)
Martin Kedziora (ARDC # 6300162)
Lucia Marker-Moore (ARDC # 6306511)
Brian Straw (ARDC # 6317181)
Alexandra Block (ARDC # 6312371)
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
ostfeldg@gtlaw.com
kedzioram@gtlaw.com
markermoorel@gtlaw.com
strawb@gtlaw.com
blocka@gtlaw.com

Lark Mulligan (ARDC # 6327361)
Transformative Justice Law Project of Illinois
203 N Lasalle, Suite 2100
Chicago, Illinois 60601
Telephone: (312) 558-1472
Facsimile: (312) 558-1470
lark@tjlp.org

***Counsel for Plaintiffs***