**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| REYNA ANGELINA ORTIZ | ) | |
| (legal name RAYMOND ORTIZ), *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 19 CV 2923 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | Magistrate Judge Susan E. Cox |
| KIMBERLY M. FOXX, not personally but | ) | |
| solely in her capacity as Cook County State's | ) | |
| Attorney, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT KIMBERLY M. FOXX'S
MOTION TO DISMISS COMPLAINT**

Defendant Kimberly M. Foxx ("the State's Attorney"), by counsel, respectfully submits this Memorandum in Support of her Motion to Dismiss Plaintiff's Complaint ("Complaint").

## I.      INTRODUCTION

Plaintiffs are eight transgender women with criminal convictions who have brought suit against Cook County State's Attorney Kimberly M. Foxx and two State of Illinois judges for the Circuit Court of Cook County, Timothy C. Evans and Sharon M. Sullivan, each in their official capacities only.  Complaint at ¶¶ 1, 4. Plaintiffs allege that, by virtue of their convictions of certain felonies or misdemeanors, the Illinois name change statute (735 ILCS 5/21-101 *et seq.* "the statute" or "name change statute"), prevents them from changing their legal names to match the chosen names they have been living under for years or decades.  Complaint at ¶¶ 1, 3. Plaintiffs claim the statute violates the First and Fourteenth Amendments of the United States Constitution, inasmuch as it restrains and in some cases permanently prohibits a legal name

change under Illinois law by persons with certain criminal convictions, such as Plaintiffs'. Complaint at ¶¶ 3, 4.

Plaintiffs allege that Defendant Kimberly M. Foxx, Cook County State's Attorney, is causally connected with the enforcement of the name change statute and that their requested relief would redress their injuries. Plaintiffs support these conclusory allegations only by alleging that the State's Attorney "is the official charged with requesting updates to Plaintiffs' criminal history transcripts, receiving service of Plaintiffs' name change petitions, and filing objections to Plaintiffs' name change petitions on behalf of the State of Illinois." Complaint at ¶¶ 4, 13.

Plaintiffs seek a declaration that the Illinois name change statute violates the United States Constitution as applied to Plaintiffs, and request injunctive relief enjoining defendants from objecting to Plaintiffs' name change petitions, preventing Plaintiffs' filing of name change petitions, and denying Plaintiffs' petitions on grounds that they have been convicted of certain crimes currently barring them from filing for a name change under the statute. Complaint at ¶ 4.

Certain Plaintiffs who allege to have assumed their chosen names prior to a 2010 amendment to the statute – which invalidated common law name changes adopted on or after July 1, 2010 – seek declarations that the State's deprivation of their "property interest in their common law names" is void and that they "have retained and legally ad opted their chosen names under Illinois common law and are entitled to live, work, and have identification issued under their common law names[.]" Complaint at p. 22, ¶¶ A, B. These plaintiffs in particular lack standing and additionally fail to state a claim upon which relief may be granted because they allege that they have already legally changed their names. Complaint at ¶ 120.

All Plaintiffs fail to meet the standing requirements of Article III of the United States Constitution as to their claims against State's Attorney Foxx, and their claims against her are additionally barred by the Eleventh Amendment. The court therefore lacks subject matter jurisdiction, and Plaintiffs fail to state a viable claim.

Finally, to the extent Plaintiffs' complaint seeks relief premised upon this court taking supplemental jurisdiction of questions of Illinois law, the court should decline.[1]

## II. STANDARDS OF LAW

### A. The Illinois Name Change Statute and the State's Attorney's Involvement

The name change statute is codified in the Illinois Code of Civil Procedure at 735 ILCS 5/21-101 *et seq.* Along with name change rights conferred by marriage, it provides a statutory mechanism to accomplish a legal name change for persons who have resided in Illinois for at least six months. *Id.* at 5/21-101(a), 21-105. A person desiring a name change must file a petition and accomplish notice by publication. *Id.* at 5/21-101(a), 21-103. The statute requires the circuit court clerk to serve a copy of the petition on the State's Attorney, who may file a written objection within 30 days. *Id.* at 5/21-102.5.

A petition must include a statement:

> whether or not the petitioner or any other person 18 years of age or older who will be subject to a change of name under the petition if granted: (1) has been adjudicated or convicted of a felony or misdemeanor offense under the laws of this State or any other state for which a pardon has not been granted; or (2) has an arrest for which a charge has not been filed or a pending charge on a felony or misdemeanor offense.

---

[1] Plaintiffs' Complaint pleads no state law claim; however, it alleges that this court has subject matter jurisdiction pursuant to 28 U.S.C. 1367 (supplemental jurisdiction) and, in Count II, requests declaratory relief involving a determination under Illinois common law. Complaint at Count II, prayer for relief, ¶ B.

*Id.* at 5/21-102(a). If so, the State's Attorney "may request the court to or the court may on its own motion, require the person, prior to a hearing on the petition, to initiate an update of his or her criminal history transcript with the Department of State Police." *Id.* at 5/21-102(b).

The statute prohibits the filing of a petition by a person who has been convicted of a felony and who has not been pardoned, until 10 years have passed since the completion and discharge of his or her sentence. *Id.* at 5/21-101(b). It imposes a permanent prohibition of the filing of a petition by a person who has not been pardoned and who has been convicted of identity theft, aggravated identity theft, felony or misdemeanor criminal sexual abuse when the victim of the offense at the time of its commission is under 18 years of age, felony or misdemeanor sexual exploitation of a child, felony or misdemeanor indecent solicitation of a child, or felony or misdemeanor indecent solicitation of an adult, or any other offense for which a person is required to register as a sex offender. *Id.*

Upon a hearing on the petition, if the court determines "that the conditions and requirements under this Article have been complied with and that there is no reason why the prayer should not be granted," the court may enter an order changing the petitioner's name. *Id.* at 5/21-101(d).

### B.     Federal Rule of Civil Procedure 12(b)(1)

A court must dismiss a Plaintiff's complaint under Rule 12(b)(1) if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). *See, e.g.*, *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). A motion under Rule 12(b)(1) may raise either a facial or a factual challenge to subject matter jurisdiction. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009)). A Rule 12(b)(1) motion is properly understood as a facial challenge when it contends

4

that the plaintiff's complaint lacks sufficient facial allegations to establish standing. *Silha*, 807 F.3d at 173. "In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Apex Digital, Inc.*, 572 F.3d at 443-44).

Article III standing is a threshold issue of jurisdiction and restricts federal judicial power to the resolution of "cases" or "controversies." U.S. Const. art. III, § 2; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). To establish "the irreducible constitutional minimum" requirements, a plaintiff must demonstrate three elements: (1) that it has suffered an injury in fact; (2) "the injury is fairly traceable to the challenged action of the defendant;" and (3) "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Silha v. ACT, Inc.*, 807 F.3d 169, 172-73 (7th Cir. 2015) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan*, 504 U.S. at 561). Standing is "an indispensable part" of a plaintiff's case, *Apex Digital*, 572 F.3d at 443, citing *Lujan*, 504 U.S. at 561, and the burden is on a plaintiff to establish it separately for each form of relief she seeks. *See Kathrein v. City of Evanston*, 636 F.3d 906, 914 (7th Cir. 2011) (citing *Apex Digital*, 572 F.3d at 443), *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743, 2754 (2010) (citation omitted). If a plaintiff fails, the Court lacks subject matter jurisdiction and must dismiss the case pursuant to Rule 12(b)(1). *See, e.g*, *Pollack v. U.S. Dep't of Justice*, 577 F.3d 736, 743 (7th Cir. 2009).

### C.     Federal Rule of Procedure 12(b)(6)

Rule 12(b)(6) requires dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under 12(b)(6), a plaintiff's complaint must allege enough facts, taken as true, to "state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Assessing plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A plaintiff's complaint must clear two hurdles: first, it must give the defendant "fair notice" of the claim and "the grounds upon which it rests[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); and second, it must plausibly allege a right to relief and raise that possibility "above the speculative level." *Id.*. "[I]f they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

In reviewing a complaint's sufficiency, the court should take its well-pleaded factual allegations as true and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). However, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth," *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 681), nor should a court strain to find inferences favorable to plaintiffs or accept unreasonable inferences. *Coates v. Illinois State Board of Education*, 559 F.2d 445, 447 (7th Cir. 1977). *See also Caldwell v. City of Elwood, Ind.*, 959 F.2d 670, 673 (7th Cir. 1992).

### D. The Eleventh Amendment and *Ex Parte Young*

The Eleventh Amendment to the Constitution provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has consistently

held that the Eleventh Amendment precludes federal suits against states by its own citizens. *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin*., 603 F.3d 365, 370 (7th Cir. 2010) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (internal citations omitted)). When it applies, the Eleventh Amendment immunizes states, state agencies, and state officials in their official capacities, and bars suits against them in federal court. *Id.* (citing *Edelman* at 663). Parties may raise the Eleventh Amendment as a defense under Rule 12(b)(1), as district courts lack subject matter jurisdiction over claims barred by the Eleventh Amendment. *Cf. Raygor v. Regents of the Univ. of Minnesota*, 534 U.S. 533, 537 (2002).

The State's Attorney is a state official and, as a result, a lawsuit against the state's attorney is really a lawsuit against the State. *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994) (holding that a lawsuit against then State's Attorney Jack O'Malley was really a lawsuit against the State)*; see also Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 264-265 (7th Cir. 1999) (awarding Rule 11 sanctions against an attorney who filed a claim against the State's Attorney's Office). Thus, the State's Attorney is afforded the immunity granted by the Eleventh Amendment.

The Supreme Court's decision in *Ex parte Young*, 209 U.S. 123 (1908) operates as a limited exception to the Eleventh Amendment's bar. The *Ex parte Young* doctrine permits suits against state officials in their official capacities for an alleged violation of the federal Constitution, but only those suits seeking prospective injunctive relief for ongoing violations of federal law. *Edelman*, 415 U.S. at 677 (citing *Ex parte Young*, 209 U.S. at 123); *Council 31 of the Am. Fed'n of State, Cty., & Mun. Emps. v. Quinn*, 680 F.3d 875, 881-82 (7th Cir. 2012) (citation omitted).

A plaintiff seeking to avoid the Eleventh Amendment's bar under an *Ex parte Young* theory must name a state official who has "'some connection with the enforcement' of an allegedly unconstitutional state statute for the purpose of enjoining that enforcement." *Doe v. Holcomb*, 883 F.3d 971, 975 (7th Cir. 2018) (citing *Ex parte Young*, 209 U.S. at 157). A court's "ultimate inquiry" is whether the state official's connection to the allegedly unconstitutional statute "is sufficiently intimate to meet the requirements of *Ex parte Young*." *Holcomb*, 883 F.3d at 977 (citing *Shell Oil Co. v. Noel*, 608 F.2d 208, 210 (1st Cir. 1979)).

## III.     ARGUMENT

### A.     Plaintiffs' Complaint Must Be Dismissed Because They Fail To Establish Standing

Plaintiffs' Complaint against the State's Attorney must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because they fail to establish that they have standing to pursue their claims.

Plaintiffs Keisha, Shamika, Heaven, Amari, Eisha, and Reyna ("the Pre-2010 Name Change Plaintiffs"), who allege they legally changed their names prior to July 1, 2010 (*see* Complaint at ¶ 118,120), have failed to allege an injury because their claims hinge on their incorrect proposition that a 2010 amendment to the name change statute retroactively invalidated their assumed common law names.

While the State's Attorney concedes that Plaintiffs other than the Pre-2010 Name Change Plaintiffs have alleged an injury based on their inability to file a name change petition, all Plaintiffs lack standing to sue the State's Attorney because they have failed to show a causal connection between their injury and her alleged conduct. *Lujan*, 504 U.S. at 560. Moreover, Plaintiffs' Complaint fails to demonstrate that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61 (citing *Simon v.*

*Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 38, 43 (1976) (internal quotation marks omitted)). There is simply no connection between the alleged conduct of the State's Attorney and the plaintiffs' alleged inability to file name change petitions, nor would Plaintiffs' injuries be redressed by a favorable decision in this case.

1.      **The Pre-2010 Name Change Plaintiffs Fail To Allege An Injury In Fact**

The Pre-2010 Name Change Plaintiffs lack standing because they fail to allege any injury in fact. Article III standing requires a plaintiff to show that he or she suffered an injury that is be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (citations and internal quotation marks omitted). Because these plaintiffs allege they have already changed their legal names, the statute's prohibition against their filing of a name change petition does not harm them.

The Pre-2010 Name Change Plaintiffs allege that they "all adopted and lived under their chosen names" prior to July 1, 2010," such that "they legally changed their names pursuant to the common law." Complaint at ¶¶ 118, 120. All of these plaintiffs' claims are predicated upon their allegation that a 2010 amendment to the name change statute retroactively invalidated their common law names. Complaint at ¶¶ 117, 121. However, the change to the statute cited by Plaintiffs did not invalidate common law names legally assumed prior to July 1, 2010. Instead, as Plaintiffs' Complaint recites, the statute now reads, "Common law name changes *adopted in this State on or after July 1, 2010* are invalid." Complaint at ¶ 117; 735 ILCS 5/21-105 (emphasis added). These Plaintiffs fail to establish standing since the amendment simply did not accomplish the legal effect of invalidating the chosen names they assumed at common law, such that the statute causes them no injury.

9

While the Pre-2010 Name Change Plaintiffs present sympathetic facts regarding the refusal of some to accept their assumed names, those allegations are not actionable injuries caused by the name change statute or the State's Attorney, according to the facial allegations of these plaintiffs' Complaint.

### 2. The State's Attorney Is Not the Cause of Plaintiffs' Injury

Even if all Plaintiffs have sufficiently pled an injury in fact, their injuries are not causally connected to the conduct of the State's Attorney they complain of. Plaintiffs allege they are barred from obtaining legal name changes in Illinois because they have certain criminal convictions which render them currently ineligible to file a petition under the state's name change statute. Plaintiffs point to the statute's requirement that persons convicted of a felony wait until 10 years after the completion and discharge of their sentence before they are eligible to file a petition to legally change their name under the statute; as well as an outright prohibition of the filing of a name change petition by persons convicted of certain felonies and misdemeanors such as identity theft and certain sex offenses unless they are pardoned. Complaint at ¶ 2. Plaintiffs claim that each has been convicted of a felony within the past 10 years or other such specified felonies or misdemeanors, prohibiting them from "filing petitions for name changes." Complaint at ¶ 3.

To establish standing against the State's Attorney, there must be a "causal connection" between a plaintiffs' injury and the State's Attorney; in other words, their injury must be "fairly traceable" to the State's Attorney's actions. *Holcomb*, 883 F.3d at 978 (citing *Lujan*, 504 U.S. at 560 and *Banks v. Sec'y of Ind. Family & Soc. Servs. Admin.*, 997 F.2d 231, 239 (7th Cir. 1993). Here, Plaintiffs' alleged injuries are all tied to the statute's prohibition of their filing a petition. The State's Attorney has no power under the name change statute or otherwise to either permit or

prohibit the Plaintiffs' filing of a name change petition. Plaintiffs do not argue as much; rather, they allege that the State's Attorney is "charged with requesting updates to Plaintiffs' criminal history transcripts, receiving service of Plaintiff's name change petitions, and filing objections to Plaintiffs' name change petitions on behalf of the State of Illinois." Complaint at ¶ 13. Each of these allegations regarding the State's Attorney's conduct presupposes that a petition has been filed, but Plaintiffs' very complaint is that the statute prohibits them from filing a petition.

Even if Plaintiffs could file petitions, their ultimate denial based upon the statute's allegedly unconstitutional terms could not be fairly traceable to the State's Attorney who has no power to grant or deny them. *See Holcomb*, 883 F.3d at 978-79 (finding no standing to sue a court clerk based on Indiana's name change statute where the clerk "has no power to grant or deny a petition").

### 3. A Favorable Decision Against the State's Attorney Would Not Redress Plaintiffs' Injury

For similar reasons, Plaintiffs' injuries cannot be redressed by a suit against the State's Attorney. The State's Attorney's statutory role is limited to three functions: (1) receiving a copy of the petition; and, optionally, (2) requesting that the court require a petitioner to update his or her criminal history transcript and/or (3) filing a written objection to the petition. 735 ILCS 5/21-102, 21-102.5. The State's Attorney has no power to prevent Plaintiffs from filing petitions, nor can the State's Attorney either grant or deny their petitions even if filed; indeed, Plaintiffs do not allege these actions are within the State's Attorney's statutory authority. Complaint at ¶ 13. Although Plaintiffs request an injunction enjoining the State's Attorney from "preventing Plaintiffs' filing of name change petitions" and "denying Plaintiffs' name change petitions," this Court can take judicial notice of the Illinois name change statute and civil

procedure, and is not required to draw unreasonable inferences regarding Plaintiffs' possibility of obtaining that relief.

Enjoining the State's Attorney from objecting to Plaintiffs' petitions will not secure the result they desire, as Plaintiffs allege the statute prohibits them from filing petitions and the State's Attorney can only object to a petition that has been filed. Moreover, even if Plaintiffs were to file petitions, only a judge can adjudicate them, and the State's Attorney's objection or lack thereof is not the legal standard a court will employ in evaluating a name change petition. *See* 735 ILCS 5/21-101 *et seq.* Rather, the name change statute specifically tasks the court with determining whether "the conditions and requirements under [the statute] have been complied with and that there is no reason why the prayer should not be granted" before granting a name change. 735 ILCS 5/21-101(d). *See Holcomb*, 883 F.3d at 979 (finding no standing to sue a court clerk based upon an allegation that the clerk informed and educated the public as to the name change statute's allegedly unconstitutional provisions: "Even assuming [the plaintiff's] injury was fairly traceable to [the Clerk's] activity, [he] has not shown that any injunction the court may issue against the Clerk would be likely to redress his injury. The state courts would still deny [the plaintiff's] petition on the basis of the [alleged unconstitutional] requirement regardless of what information the Clerk provided to him.")

## B. The Eleventh Amendment Bars Plaintiffs' Federal Suit Against the State's Attorney

Even if Plaintiffs could establish standing to sue the State's Attorney, their suit against her is barred by the Eleventh Amendment because she is not meaningfully connected with the enforcement of the name change statute. Under the *Ex parte Young* doctrine, when naming a state officer in a suit to enjoin the enforcement of a statute alleged to be unconstitutional, the officer must have some connection with the statute's enforcement. *Ex parte Young*, 209 U.S. at

157-58. "Otherwise, the officer-defendant is merely a representative of the state through whom a plaintiff is attempting to make the state a party." *Purmal v. Supreme Court of Ill.*, 2004 U.S. Dist. LEXIS 2866, *16 (N.D. Ill. Feb. 25, 2004) (citations omitted).

Here, the name change statute does not provide the State's Attorney with any mechanism to enforce its prohibitions against the filing of a petition by people with certain criminal convictions. Rather, the statute provides for the State's Attorney to passively receive a copy of a filed name change petition, and gives her the option – but does not require her – to request the court to order a petitioner to update his or her criminal history transcript and to present the court with an objection to a petition. All of Plaintiffs' allegations regarding the State's Attorney's connection to the statute occur after a petition has been filed.

Even when a petition has been filed, the State's Attorney does not "enforce" the name change statute. She may not independently initiate any action to enforce it. She has no power to grant or deny a petition, and her option to object to a petition (which Plaintiffs do not allege she has raised or threatened to raise) is not what determines the outcome of the case. Only the court has the power to enforce the aspects of the name change statute alleged by Plaintiffs to be unconstitutional. Plaintiffs' suit against the State's Attorney is therefore barred by the Eleventh Amendment, and their Complaint should be dismissed. *See Watford v. Quinn*, 2014 U.S. Dist. LEXIS 92477 (S.D. Ill. July 7 2014) (holding the Governor of Illinois could not be sued in federal court over the name change statute's waiting period for convicted felons because "it is the exclusive prerogative of the state circuit courts, not the Governor, to grant a name change[;]"); *cf. Entm't Software Ass'n v. Blagojevich,* 469 F.3d 641, 644-45 (7th Cir. 2006) (finding no Eleventh Amendment bar where the Attorney General had the power to initiate criminal prosecutions of violations of an unconstitutional state statute).

### C. Pre-2010 Name Change Plaintiffs Fail To State A Claim Because They Allege They Already Changed Their Legal Names

Even if Plaintiffs could establish standing and overcome the Eleventh Amendment's bar, the Pre-2010 Name Change Plaintiffs' claims must be dismissed under Rule 12(b)(6). These Plaintiffs allege that the name change statute is unconstitutional in three ways as it applies to them. First, they allege it compels them to "speak, respond to, and acknowledge legal names that do not comport with their gender or personal identities," and that "[f]orcing Plaintiffs to speak and identify by their legal names is a violation of their First Amendment rights." Complaint at ¶¶ 110-11. Second, they allege that, "[b]y retroactively invaliding the Pre-2010 Name Change Plaintiffs' common law names, the Illinois Name Change Statute deprived the Pre-2010 Name Change Plaintiffs of their property interest in their common law names" in violation of the Fourteenth Amendment. Complaint at ¶¶ 116, 121. Third, they allege that the statute deprives them of their "fundamental right to self-identify" through statutory name changes, also in violation of the Fourteenth Amendment's due process protections. Complaint at ¶¶ 126-27, 134.

However, these Plaintiffs also allege that they "all adopted and lived under their chosen names prior to July 1, 2010" such that "they legally changed their names pursuant to the common law[.]" Complaint at ¶¶ 118, 120. Thus, all of their claims are predicated upon their assertion that a 2010 amendment to the name change statute retroactively invalidated their common law names. Complaint at ¶¶ 117, 121.

Instead, the statute reads, "Common law name changes *adopted in this State on or after July 1, 2010* are invalid." Complaint at ¶ 117; 735 ILCS 5/21-105. Because these Pre-2010 Name Change Plaintiffs allege that they already "legally changed their names" prior to 2010, and the name change statute as amended did not invalidate them, they have suffered no harm by the statute in its current form and have failed to state any claim.

14

**D.      The Court Should Decline Supplemental Jurisdiction Under 28 U.S.C. § 1367**

Although Plaintiffs bring no state law claim, their Complaint alleges that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367, and their prayer for relief in Count II requests declaratory relief "under Illinois common law."  Complaint at Count II, prayer for relief, ¶ B.  For the reasons stated above, this court should dismiss all of Plaintiffs' federal claims, and thereafter decline to take up supplemental jurisdiction on any question or claim of state law, pursuant to 28 U.S.C. § 1367(c).

## IV.      CONCLUSION

Plaintiffs' Complaint fails to meet their burden to establish Article III standing to sue, because 1) the Pre-2010 Name Change Plaintiffs do not allege any injury; 2) no Plaintiff's allegation of injury is causally connected to the State's Attorney; and 3) a favorable decision is not likely to redress Plaintiffs' injuries.

Plaintiffs are further barred from suing the State's Attorney because of the immunity she is provided by the Eleventh Amendment, and their Complaint fails to establish a claim under an *Ex parte Young* theory because the State's Attorney does not enforce the name change statute in a way that is connected to Plaintiffs' claims.

Finally, even if they could establish standing and overcome the Eleventh Amendment's bar, Plaintiffs' Complaint as to the Pre-2010 Name Change Plaintiffs fails to state any claim upon which relief may be granted, because they allege that they already changed their legal names at common law and the statute has not invalidated them.

This court lacks subject matter jurisdiction and, taking every allegation in Plaintiffs' Complaint as true, it fails to state a claim for relief.  Plaintiffs' Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).

Dated: July 15, 2019      Respectfully submitted,

KIMBERLY M. FOXX     /s/ Jeremy P. Bergstrom
Cook County State's Attorney   Assistant State's Attorney
             Cook County State's Attorney's Office
             Civil Actions Bureau
             Advice, Business and Complex Litigation Division
             Municipal Litigation Section
             50 West Washington Street, Room 500
             Chicago, Illinois  60602-1356
             Tel: 312-603-5440
             Email: jeremy.bergstrom@cookcountyil.gov

             *Counsel for Defendant Kimberly M. Foxx,*
             *Cook County State's Attorney*