**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **REYNA ANGELINA ORTIZ**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 19 CV 2923** |
| | ) | |
| v. | ) | **Judge Charles P. Kocoras** |
| | ) | **Magistrate Judge Susan E. Cox** |
| **KIMBERLY M. FOXX**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' COMBINED RESPONSE TO
<u>DEFENDANTS' MOTIONS TO DISMISS</u>**[1]

Gregory E. Ostfeld (ARDC # 6257163)
Martin Kedziora (ARDC # 6300162)
Lucia Marker Moore (ARDC # 6306511)
Brian Straw (ARDC # 6317181)
Alexandra Block (ARDC # 6312371)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
ostfeldg@gtlaw.com
kedzioram@gtlaw.com
markermoorel@gtlaw.com
strawb@gtlaw.com
blocka@gtlaw.com

Lark Mulligan (ARDC # 6327361)
Transformative Justice Law Project of Illinois
203 N Lasalle, Suite 2100
Chicago, Illinois 60601
Telephone: (312) 558-1472
Facsimile: (312) 558-1470
lark@tjlp.or

***Counsel for Plaintiffs***

---

[1] On August 27, 2019, Plaintiffs filed their Unopposed Motion for Leave to File Combined Response to Defendants' Motions to Dismiss and to File Oversized Brief [Dkt. No. 29], seeking leave to file a combined response to Defendants' Motions to Dismiss and a 20-page response brief. Plaintiffs file this brief as the Combined Response they propose to file, and request leave to file it *instanter*. In the event Plaintiffs' motion is denied, Plaintiffs request leave to split this Combined Response into two briefs and to re-file it.

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 3

     I.     Defendants' Responsibility for Enforcing the Statute ........................................... 3
     II.    The Unconstitutional Application of the Statute to Plaintiffs................................ 4

LEGAL STANDARD.......................................................................................................... 6

ARGUMENT ...................................................................................................................... 6

     I.     Plaintiffs Have Standing to Assert Their Claims Against Defendants ................... 6

          A.     All Plaintiffs Have Suffered an Injury-in-Fact ......................................... 7
          B.     Plaintiffs' Injuries Are Caused by Defendants' Enforcement of the
               Statute and Are Likely to Be Redressed by a Favorable Judicial
               Decision .................................................................................................... 9

     II.    The Eleventh Amendment Does Not Bar Plaintiffs' Claims ............................... 13
     III.   Plaintiffs' Claims Against the Judge Defendants Are Not Barred by Their
          "Judicial Role" as "Neutral Adjudicators" .......................................................... 15

REQUEST FOR ORAL ARGUMENT ............................................................................. 19

CONCLUSION.................................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bangor Punta Operations v. Bangor A. R. Co.*,
    417 U.S. 703 (1974)............................................................................................2

*Banks v. Sec'y of Ind. Family & Soc. Servs. Admin.*,
    997 F.2d 231 (7th Cir. 1993) ...........................................................................11

*Bell v. Hood*,
    327 U.S. 678 (1946)............................................................................................2

*Bennett v. Spear*,
    520 U.S. 154 (1997)..........................................................................................11

*Bivens v. Six Unknown Fed. Narcotics Agents*,
    403 U.S. 388 (1971)............................................................................................2

*Dawson v. Newman*,
    419 F.3d 656 (7th Cir. 2005) ...........................................................................17

*Diedrich v. Ocwen Loan Servicing, LLC*,
    839 F.3d 583 (7th Cir. 2016) .............................................................................7

*Doe v. Holcomb*,
    883 F.3d 971 (7th Cir. 2018) ..................................................................*passim*

*Ennenga v. Starns*,
    677 F.3d 766 (7th Cir. 2012) ...........................................................................17

*Ezell v. City of Chicago*,
    651 F.3d 684 (7th Cir. 2011) .............................................................................9

*Forgue v. City of Chicago*,
    873 F.3d 962 (7th Cir. 2017) .............................................................................6

*Hoard v. Reddy*,
    No. 97 C 2372, 1998 U.S. Dist. LEXIS 9395 (N.D. Ill. June 12, 1998)................18

*Hunziker v. German-American State Bank*,
    No. 88-3160, 1990 U.S. App. LEXIS 11749 (7th Cir. July 10, 1990) ...................18

*Independent Wireless Tel. Co. v. Radio Corp. of America*,
    269 U.S. 459 (1926)............................................................................................2

*In re Justices of the Supreme Court of Puerto Rico*,
    695 F.2d 17 (1st Cir. 1982)..........................................................15, 16, 17, 18

*Kowalski v. Boliker*,
    893 F.3d 987 (7th Cir. 2018) ....................................................................17, 18

*Brandon E. ex rel. Listenbee v. Reynolds*,
    201 F.3d 194 (3d Cir. 2000).............................................................................18

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992)..........................................................................................6, 7

*Mitchum v. Foster*,
  407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).........................................19

*Mutter v. Rodriguez*,
  700 F. App'x 528 (7th Cir. 2017) .......................................................................14

*Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*,
  508 U.S. 656 (1993).............................................................................................7

*Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dep't*,
  510 F.3d 681 (7th Cir. 2007) .............................................................................14

*Pulliam v. Allen*,
  466 U.S. 522 (1984)...........................................................................................18

*R.W.T. v. Dalton*,
  712 F.3d 1225 (8th Cir. 1983) ...........................................................................17

*Rivera-Puig v. Garcia-Rosario*,
  983 F.2d 311 (1st Cir. 1992)..............................................................................18

*Silha v. ACT, Inc.*,
  807 F.3d 169 (7th Cir. 2015) ...........................................................................6, 8

*Snyder v. Nolen*,
  380 F.3d 279 (7th Cir. 2004) .............................................................................18

*U.S. Bank, Nat'l Ass'n v. JKM Mundelein LLC*,
  No. 14 C 10048, 2015 U.S. Dist. LEXIS 61619 (N.D. Ill. May 12, 2015)............17

*United Rope Distributors v. Seatriumph Marine*,
  930 F.2d 532 (7th Cir. 1991) ...............................................................................9

*Virginia v. Consumers Union of America, Inc.*,
  446 U.S. 719 (1980)...........................................................................................19

*Ex Parte Virginia*,
  100 U.S. 339 (1879)...........................................................................................19

*Waldron v. McAtee*,
  723 F.2d 1348 (7th Cir. 1983) .............................................................................9

*Warth v. Seldin*,
  422 U.S. 490 (1975).............................................................................................6

*Watford v. Quinn*,
  No. 14-cv-00571-MJR, 2014 U.S. Dist. LEXIS 92477 (S.D. Ill. July 7, 2014)...............14, 17

*Whitmore v. Arkansas*,
  495 U.S. 149 (1990).............................................................................................7

*WXYZ, Inc. v. Hand*,
  658 F.2d 420 (6th Cir. 1981) .............................................................................16

*Ex Parte Young*,
    209 U.S. 123 (1908)...................................................................................................13, 14

## Statutes

735 ILCS 5/21-101 ......................................................................................................1, 4

735 ILCS 5/21-101(a).....................................................................................................3

735 ILCS 5/21-101(b)............................................................................................... *passim*

735 ILCS 5/21-101(d) .............................................................................................. *passim*

735 ILCS 5/21-102(a).....................................................................................................4

735 ILCS 5/21-102(b).....................................................................................................4

735 ILCS 5/21-102.5 ......................................................................................................4

735 ILCS 5/21-105 .........................................................................................................8

42 U.S.C. § 1983 .......................................................................................................1, 2, 5

## Other Authorities

Fed. R. Civ. P. 12(b)(1)...............................................................................................6, 8

Fed. R. Civ. P. 12(b)(6)...............................................................................................6, 8

"Order for Name Change," available at
    http://www.cookcountyclerkofcourt.org/Forms/pdf_files/NCO305-3.pdf (last
    accessed August 27, 2019)............................................................................................16

Plaintiffs Reyna Angelina Ortiz (legal name Raymond Ortiz), Keisha Allen (legal name Wayne Allen), Amari Garza (legal name Armando Garza), Heaven Edwards (legal name Patrick Edwards), Eisha Latrice Love (legal name Darveris Lamar Love), Shamika Lopez Clay (legal name Marcus Clay), Savannah Josephine Frazier (legal name Tony Willis), and Kamora Lovelace (legal name Latuan Walker) (collectively "Plaintiffs"), by their counsel, respond to Defendant Kimberly M. Foxx's Motion to Dismiss Complaint [Dkt. No. 23] and supporting Memorandum of Law [Dkt. No. 24] ("Foxx Memo"), and the State Judge Defendants' Motion to Dismiss [Dkt. No. 25] and supporting Memorandum of Law [Dkt. No. 26] ("Judges Memo"), as follows:

## INTRODUCTION

Plaintiffs seek redress under 42 U.S.C. § 1983 for violations of their First and Fourteenth Amendment rights resulting from Defendants' enforcement of the onerous restrictions of the Illinois Name Change Statute, 735 ILCS 5/21-101 *et seq*. (the "Statute"), as applied to Plaintiffs. The arbitrary, overbroad, and unreasonable prior restraints contained in the Statute have prevented Plaintiffs, as transgender women, from changing their names so their legal names and the names contained on their identifications match their chosen names and identities. The application of the Statute to Plaintiffs has endangered their physical safety, their mental well-being, and their liberty to express themselves. Plaintiffs bring this action against the officials responsible for enforcing the Statute—Cook County State's Attorney Kimberly M. Foxx ("Foxx") and Judges Timothy C. Evans and Sharon M. Sullivan (the "Judge Defendants") (collectively, "Defendants")—seeking declaratory and injunctive relief against Defendants in their official capacities.

Defendants' Motions to Dismiss do not dispute the validity of Plaintiffs' constitutional claims. Yet Defendants argue Plaintiffs must be left without redress for their constitutional injuries, because Plaintiffs lack standing to sue Defendants or Defendants enjoy immunity from suit. Defendants' arguments, if accepted by the Court, would leave Plaintiffs in a perpetual state of

continuing constitutional violation with no legal redress, as Defendants are the only officials responsible for enforcing the provisions of the Statute causing injury to Plaintiffs, and, therefore, the only officials properly subject to suit under the Seventh Circuit's ruling in *Doe v. Holcomb*, 883 F.3d 971 (7th Cir. 2018) (holding a transgender plaintiff must show defendants have a "connection with the enforcement" of Indiana's name change statute in suit challenging its constitutionality, and affirming dismissal for lack of standing).

One of the "most settled of equitable doctrines" is that "[e]quity will not suffer a wrong without a remedy." *Bangor Punta Operations v. Bangor A. R. Co.*, 417 U.S. 703, 732 (1974) (Marshall, J., dissenting) (quoting *Independent Wireless Tel. Co. v. Radio Corp. of America*, 269 U.S. 459, 472 (1926)). Federal courts have jealously guarded their power to redress federal constitutional violations; "where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief." *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 392 (1971) (quoting *Bell v. Hood*, 327 U.S. 678, 684 (1946)). This Court, however, need not "adjust [its] remedies" or break new precedential ground to grant relief in this case; Plaintiffs have properly asserted standing, have named the appropriate defendants, and have requested the proper relief under settled law. Defendants' motions should be denied for three reasons:

First, Plaintiffs have alleged concrete injuries-in-fact traceable to Defendants' enforcement roles and subject to judicial redress under 42 U.S.C. § 1983, and therefore have properly demonstrated standing to assert their claims.

Second, Plaintiffs' claims against Defendants are not barred by Eleventh Amendment immunity because Plaintiffs are seeking declaratory and injunctive relief from Defendants as state officials connected to and causing Plaintiffs' constitutional injuries.

Third, Plaintiffs' claims against the Judge Defendants are not barred by the Judge Defendants' "judicial role" as "neutral adjudicators," because the Judge Defendants are named in their administrative, non-judicial roles and because complete relief can only be afforded if the Judge Defendants are included as defendants to Plaintiffs' claims.

## BACKGROUND

## I.     Defendants' Responsibility for Enforcing the Statute

The Statute authorizes "any person who is a resident of this State and has resided in this State for 6 months" to "file a petition in the circuit court of the county wherein he or she resides" seeking "to change his or her name and to assume another name by which to be afterwards called[.]" 735 ILCS 5/21-101(a). It contains two blanket prohibitions against the filing of petitions, both of which are challenged here as applied to Plaintiffs: (1) "any person convicted of a felony in this State or any other state who has not been pardoned *may not file a petition for a name change* until 10 years have passed since completion and discharge from his or her sentence," 735 ILCS 5/21-101(b) (emphasis added) (the "Ten-Year Prohibition"); and (2) "A person who has been convicted of identity theft, aggravated identity theft, felony or misdemeanor criminal sexual abuse when the victim of the offense at the time of its commission is under 18 years of age, felony or misdemeanor sexual exploitation of a child, felony or misdemeanor indecent solicitation of a child, or felony or misdemeanor indecent solicitation of an adult, or any other offense for which a person is required to register under the Sex Offender Registration Act in this State or any other state who has not been pardoned *shall not be permitted to file a petition for a name change* in the courts of Illinois," *id*. (emphasis added) (the "Lifetime Prohibition"). The Statute is the most onerous in the country in the restrictions it imposes on filing petitions under the Ten-Year Prohibition and Lifetime Prohibition. (Complaint [Dkt. No. 1] ("Compl.") ¶ 2).

Defendants are the only officials identified in the Statute as responsible for enforcing its

challenged terms as applied to Plaintiffs. (Compl. ¶¶ 4, 13-14). The circuit court in which a petitioner resides is responsible for receiving the petition praying for a name change, and therefore for excluding those petitions not permitted under the Ten-Year Prohibition and the Lifetime Prohibition. 735 ILCS 5/21-101. The circuit court is also responsible for reviewing and granting the petition by "an order to be entered of record" where "it appears to the court that the conditions and requirements under this Article have been complied with and that there is no reason why the prayer should not be granted[.]" 735 ILCS 5/21-101(d). Plaintiffs are all residents of Cook County, Illinois. (Compl. ¶¶ 5-12). The Judge Defendants are the officials of the Circuit Court of Cook County responsible for administering these provisions. (*Id*. ¶ 14).

The Statute further provides the State's Attorney shall be served with a copy of each name change petition filed under the Statute, and may file an objection to the petition in writing stating "with specificity the basis of the objection" within 30 days of the date of service of the petition. 735 ILCS 5/21-102.5. Additionally, petitioners are required to provide verified statements under oath regarding whether they have been adjudicated or convicted of a felony or misdemeanor offense under the laws of this State or any other state for which a pardon has not been granted, or have an arrest for which a charge has not been filed or a pending charge on a felony or misdemeanor offense. 735 ILCS 5/21-102(a). Where the petitioner's statement indicates an adjudication, conviction, or arrest, the State's Attorney "may request the court to or the court may on its own motion, require the person, prior to a hearing on the petition, to initiate an update of his or her criminal history transcript with the Department of State Police." 735 ILCS 5/21-102(b).

## II. The Unconstitutional Application of the Statute to Plaintiffs

Plaintiffs are transgender women who live under chosen names that are fundamental to their self-expression and identities. (Compl. ¶ 1). Each Plaintiff's chosen name is a personal message of self-expression based on individual background and circumstances, including family

background, literal or symbolic meaning, aspirational goals, and fictional or real-life role models. (*Id*. ¶¶ 1, 16, 27, 38, 50, 62, 72, 81, 91). Plaintiffs Keisha, Shamika, Heaven, Amari, Eisha, and Reyna (the "Pre-2010 Name Change Plaintiffs") all adopted and used their names prior to the Statute's effective date of July 1, 2010. (*Id*.; *see also id*. ¶¶ 118, 120).

Plaintiffs have all been convicted of felonies within the past ten years subjecting them to the Ten-Year Prohibition, or other specified felonies or misdemeanors subjecting them to the Lifetime Prohibition. (*Id*. ¶¶ 3, 17, 27, 39, 51, 63, 73, 82, 92). Plaintiffs Reyna, Keisha, and Amari are subject to the Lifetime Prohibition, while the other Plaintiffs are subject to the Ten-Year Prohibition. (*Id*.). Due to these convictions, Plaintiffs have been unable to legally change their names on their identifications and have been regularly subjected to compulsory speech and discrimination as a result. (*Id*. ¶¶ 17-21, 27-32, 39-43, 51-53, 63-67, 73-77, 82-86, 92-96). Plaintiffs have each suffered numerous harmful consequences, including physical assault, denial of access to mail, refusal of government services and benefits, refusal of government applications, denial or loss of employment, denial of clearance through airport security, loss of educational opportunities, inability to deposit checks, public outing as transgender in unsafe circumstances, public embarrassment, and avoidance of certain venues for fear of being outed and placed in danger. (*Id*. ¶¶ 22-26, 33-37, 44-49, 54-61, 68-71, 78-80, 87-90, 97-99).

Plaintiffs allege the Statute's prior restraints, as applied to them, are arbitrary, unreasonable, and infringe Plaintiffs' fundamental rights of speech, self-expression, liberty, and due process under the First and Fourteenth Amendments. (*Id*. ¶¶ 3, 15). Plaintiffs allege three counts under 42 U.S.C. § 1983 for deprivation of their First Amendment rights of free speech, free expression, freedom of thought, and freedom from compelled speech (Count I) (*id*. ¶¶ 104-113), deprivation of their Fourteenth Amendment due process property interest with respect to the Pre-

2010 Name Change Plaintiffs who were deprived of their property interest in their common law names (Count II) (*id*. ¶¶ 114-23), and deprivation of their Fourteenth Amendment liberty interest with respect to their right of self-identification (Count III) (*id*. ¶¶ 124-127). Plaintiffs seek a declaration that the Statute is unconstitutional as applied to them, and an injunction barring Defendants from objecting to Plaintiffs' name change petitions, preventing Plaintiffs' filing of name change petitions, and denying Plaintiffs' name change petitions based on the Ten-Year Prohibition or Lifetime Prohibition. (*Id*. ¶ 4; Counts I, II, III Prayers for Relief).

## LEGAL STANDARD

Defendants assert facial challenges to Plaintiffs' standing under Rule 12(b)(1). In evaluating these challenges, the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). The same standard applies to Defendants' Rule 12(b)(6) arguments. *Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017) (citation omitted).

## ARGUMENT

### I.     Plaintiffs Have Standing to Assert Their Claims Against Defendants

Plaintiffs allege concrete injuries-in-fact, fairly traceable to Defendants' enforcement of the Statute, and likely to be redressed by a favorable decision, and therefore have adequately alleged standing to bring their claims. Standing is "the irreducible constitutional minimum" determining which cases and controversies are justiciable under Article III. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *Holcomb*, 883 F.3d at 975. The party invoking federal jurisdiction must establish three elements: (1) an injury in fact, (2) that the injury is fairly traceable to the challenged conduct, and (3) that the injury is likely to be redressed by a favorable judicial decision. *Lujan*, 504 U.S. at 560-61; *Holcomb*, 883 F.3d at 975. The burden of pleading these

6

elements in response to a facial challenge is not high. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 588 (7th Cir. 2016) (quoting *Lujan*, 504 U.S. at 561 (internal citations omitted)). Plaintiffs have met their burden in this case.

### A. All Plaintiffs Have Suffered an Injury-in-Fact

With respect to the first element of standing, an injury-in-fact must be "concrete and particularized" and "actual or imminent." *Lujan*, 504 U.S. at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). The denial of access to a statutory name change to Plaintiffs under the Ten-Year and Lifetime Prohibitions based on their conviction histories, where other Illinois residents have access to name changes, is an injury-in-fact. Where the government "erects a barrier" that "makes it more difficult" for a party to obtain a statutory benefit available to "members of another group," that is an injury-in-fact supporting standing. *Holcomb*, 883 F.3d at 978 (quoting *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993)). In *Holcomb*, the Seventh Circuit found a plaintiff denied "the benefit of obtaining a name change" due to a statutory citizenship requirement "alleged an actual, concrete, and particularized injury" despite never submitting a petition for a name change. *Id*. Here, each Plaintiff alleges she is subject to either the Ten-Year Prohibition or the Lifetime Prohibition, thereby alleging an injury-in-fact because each Plaintiff is prohibited from filing a petition for a statutory name change. (Compl. ¶¶ 3, 17, 27, 39, 51, 63, 73, 82, 92).

Additionally, each Plaintiff alleges she has been unable to change her name on her legal identification due to the operation of the Statute's prior restraints, and has thus been regularly subjected to compulsory speech and discrimination. (*Id*. ¶¶ 17-21, 27-32, 39-43, 51-53, 63-67, 73-77, 82-86, 92-96). Each Plaintiff has detailed the concrete, particularized, and actual injuries she

has suffered. (*Id*. ¶¶ 22-26, 33-37, 44-49, 54-61, 68-71, 78-80, 87-90, 97-99).

The Judge Defendants do not dispute Plaintiffs have alleged injuries-in-fact. Foxx does not dispute that at least two Plaintiffs, Savannah and Kamora, who began using their chosen name after the effective date of the Statute on July 1, 2010, have alleged injuries-in-fact, but contends the Pre-2010 Name Change Plaintiffs have not. (Foxx Memo at 8-10). Foxx contends that, because the Statute only invalidates common law name changes "adopted in this State on or after July 1, 2010," the Pre-2010 Name Change Plaintiffs have failed to establish standing because the amendment did not have the "legal effect of invalidating the chosen names they assumed at common law, such that the statute causes them no injury." (*Id*. at 9). Foxx later argues the Pre-2010 Name Change Plaintiffs have failed to state a claim for essentially the same reason—because they already legally changed their names and thus have suffered no harm. (*Id*. at 14).

Foxx's argument, whether couched as a standing argument under Rule 12(b)(1) or failure to state a claim under Rule 12(b)(6), improperly disregards the well-pleaded factual allegations of the Complaint, which Foxx herself acknowledges this Court "must accept" as true. *Silha*, 807 F.3d at 173. (*See* Foxx Memo at 4-5). The Pre-2010 Name Change Plaintiffs allege that, irrespective of the fact that their common law name changes should have remained valid under 735 ILCS 5/21-105 because they adopted and lived under their chosen names prior to July 1, 2010, the practical consequence of the Statute has been to retroactively invalidate their common law name changes. (Compl. ¶¶ 117-21). Each of the Pre-2010 Name Change Plaintiffs specifically alleges that, irrespective of when she first adopted and began living under her chosen name, she has been unable to legally change her name on her identification due to the Statute's operation, and each has alleged particularized negative consequences resulting from this actual deprivation. (*Id*. ¶¶ 17-80).[2]

---

[2] For example, to obtain a Social Security card reflecting an adopted name, each Plaintiff would be required to present the Social Security Administration with a certified copy of a name change order signed and entered by a judge. *See*

The mere fact that Foxx believes the Statute should not have had this *legal* effect cannot negate Plaintiffs' allegations that its application and enforcement has had the *practical* effect of depriving them of their First and Fourteenth Amendment rights and subjecting them to resulting injury.[3] Plaintiffs do not raise a *facial* challenge to the Statute; they challenge its constitutionality *as applied* to Plaintiffs. (Compl. ¶¶ 3-4, 109, 112, Prayers for Relief). "Courts often say that laws are constitutional in one application and unconstitutional in another." *United Rope Distributors v. Seatriumph Marine*, 930 F.2d 532, 535 (7th Cir. 1991). Where a state law is challenged in its application, rather than facially, the inquiry focuses on the "particular circumstances" and "individual application facts," whereas these considerations "do not matter" in a facial constitutional challenge. *Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011). A citizen thus has "standing to challenge the constitutional sufficiency of a particular law" where she "suffers direct injury by its enforcement," and "may attack the constitutional sufficiency of the law either on its face or as applied to the facts of the specific case." *Waldron v. McAtee*, 723 F.2d 1348, 1355-56 (7th Cir. 1983). The Pre-2010 Name Change Plaintiffs challenge the sufficiency of the Statute as applied to the facts of their specific cases, and have alleged sufficient facts to demonstrate the Statute as applied to them has denied them the practical benefit of their pre-2010 common law name changes. Foxx's disbelief of these allegations is a factual dispute for trial. Plaintiffs have alleged sufficient facts to establish standing to present their claims.

**B.  Plaintiffs' Injuries Are Caused by Defendants' Enforcement of the Statute and Are Likely to Be Redressed by a Favorable Judicial Decision**

As to the second and third elements of standing, Plaintiffs allege their injuries are fairly

---

RM 10212.080 Evidence of a Name Change on the SSN, available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0110212080 (last accessed August 28, 2019).

[3] Foxx may also be wrong as to the legal effect of the Statute, as the Ten-Year Prohibition went into effect in 1993 and the Lifetime Prohibition went into effect in 2007, so the Pre-2010 Name Change Plaintiffs may well find their common law rights impaired by operation of the Statute as well.

traceable to Defendants' official conduct and are likely to be redressed by the relief requested in the Complaint. (Compl. ¶¶ 13-14, 19). The Judge Defendants and Foxx are the officials responsible for enforcing the provisions of the Statute causing Plaintiffs' injuries. (*Id*. ¶¶ 4, 13-14). The Judge Defendants are the officials responsible for receiving name change petitions, granting or denying name change petitions, and setting policy with respect to such petitions, and thus are causally connected with Plaintiffs' injuries because they are charged with enforcing the Ten-Year and Lifetime Prohibitions, which state that Plaintiffs "may not file" and "shall not be permitted to file" their name change petitions, and are further charged with denying name change petitions where there is "reason why the prayer should not be granted[.]" (*Id*. ¶ 14; 735 ILCS 5/21-101(b), (d)). Foxx is the official charged with filing objections to name change petitions and requesting update to Plaintiffs' criminal history transcripts, and thus is causally connected with Plaintiffs' injuries because she is charged with raising objections and criminal history issues demonstrating why Plaintiffs' name change petitions should not be granted. (*Id*. ¶ 13; 735 ILCS 5/21-101(d)).

Defendants all argue they lack a "sufficiently close connection" to the enforcement of the Statute to support the second and third elements of standing. (Judges Memo at 3-7; Foxx Memo at 10-12). Notably, Defendants' briefs directly contradict one another in identifying which group of officials is responsible for defending the Statute. The Judge Defendants contend judges "ordinarily" cannot be the proper official defendants because they are typically "neutral adjudicators" rather than "administrators, enforcers, or advocates," and insist "ordinarily" the proper defendant is "the enforcement official authorized to bring suit under the statute," whose "institutional obligations require him to defend the statute." (Judges Memo at 3 (citation omitted)). The Judge Defendants' argument thus points to Foxx as the proper party defendant, as she is the sole official authorized to file objections to name change petitions. 735 ILCS 5/21-101(d).

Yet Foxx, for her part, insists she cannot be the proper official defendant, because she has no power to "permit or prohibit the Plaintiffs' filing of a name change petition"; she can only request updates to criminal history transcripts and file objections, which "presupposes that a petition has been filed," whereas Plaintiffs are barred from filing their petitions in the first place. (Foxx Memo at 10-11). Foxx's argument, of course, would point to the Judge Defendants as the proper party defendants, as they are the sole officials charged with enforcing the Ten-Year and Lifetime Prohibitions to prevent the filing of name change petitions. 735 ILCS 5/21-101(b).

Defendants thus seek to create a Catch-22 wherein Plaintiffs are left with no remedy at all, because no single official is wholly responsible for the deprivation of Plaintiffs' constitutional rights. The fact that the Statute splits responsibility for its enforcement, however, does not mean the Court must suffer a wrong to exist without a remedy. Plaintiffs have properly named ***both*** the Judge Defendants and Foxx. As the Seventh Circuit acknowledged in *Holcomb*, standing "is not always lost when the causal connection is weak," and a defendant's actions "need not be 'the very last step in the chain of causation[.]'" 883 F.3d at 978 (quoting *Banks v. Sec'y of Ind. Family & Soc. Servs. Admin.*, 997 F.2d 231, 239 (7th Cir. 1993); *Bennett v. Spear*, 520 U.S. 154-168-69 (1997)). Rather, what Plaintiffs "must show" is that "the named state official plays some role in enforcing the statute," and their injury "is causally connected to that enforcement and that enjoining the enforcement is likely to redress" the injury. *Id*. at 975-76.

Unlike the plaintiff in *Holcomb*, Plaintiffs have met their burden here. In *Holcomb*, the plaintiff was a transgender individual who sought to challenge the constitutionality of a proof of citizenship requirement in Indiana's name change statute, and sued the Indiana Governor, Indiana Attorney General, Marion County Clerk of Court, and Executive Director of the Indiana Supreme Court Division of State Court Administration. 883 F.3d at 974-75. The Seventh Circuit concluded

plaintiff's claims against the three state officials were barred by Eleventh Amendment immunity. *Id*. at 976-77. The same is not true here, as discussed in Section II, *infra*. As for the Clerk of Court, the court found plaintiff had adequately alleged an injury-in-fact, but found the elements of causation and redressability lacking because the clerk "has no power to grant or deny a petition," "is tasked only with accepting and processing petitions without any authority to screen them," and has no "authority in the name-change process[.]" *Id*. at 977-79.

Here, by contrast, Plaintiffs have named the Defendants with "authority in the name-change process"; the Judge Defendants have authority—and indeed the statutory obligation—to enforce the Ten-Year and Lifetime Prohibitions, to prevent the filing of Plaintiffs' petitions, and to deny Plaintiffs' name change petitions under the two prohibitions, while Foxx has exclusive statutory authority to file objections to Plaintiffs' name change petitions and to request updates showing why those petitions should not be granted. (Compl. ¶¶ 13-14; 735 ILCS 5/21-101(b), (d)). Thus, both the Judge Defendants and Foxx are causally connected to Plaintiffs' constitutional injuries, as both play an authoritative role in enforcing the provisions of the Statute causing these injuries. And Plaintiffs' injuries are likely to be redressed by a favorable decision granting the declaratory or injunctive relief Plaintiffs seek. (*See* Compl. ¶ 4; Counts I, II, III Prayers for Relief). By declaring Plaintiffs' constitutional rights, requiring the Judge Defendants to accept Plaintiffs' name change petitions, and barring Foxx from objecting and the Judge Defendants from denying Plaintiffs' petitions on the basis of unconstitutional applications of the Ten-Year or Lifetime Prohibitions, the Court would afford Plaintiffs complete relief. It is necessary to grant such relief with respect to ***both*** sets of Defendants; to address one but not the other would, as Foxx herself notes, leave Plaintiffs in the position where the unrestrained official could still take action to deprive Plaintiffs of their rights. (*See* Foxx Memo at 12).

Indeed, to hold otherwise would place Plaintiffs in the exact scenario Judge Wood warned against in her dissent in *Holcomb*, where the Court is forced "to accept the unpalatable notion that alleged constitutional violations escape all judicial review." 883 F.3d at 981 (Wood, J., dissenting). As Judge Wood cautioned:

> Consider the consequences if any state function entrusted to the state-court system were placed beyond the power of the federal courts to address (an outcome, I note, that would be incompatible with *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), which upheld the power of the federal courts to issue civil rights injunctions against state-court proceedings). A state hypothetically could refuse to allow an African-American person to change his or her surname on an identification-card to that of a Caucasian spouse, in flagrant violation of *Loving v. Virginia*, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967), or it could pass a statute refusing to allow a single surname for a same-sex couple, in disregard of the Supreme Court's decision in *Obergefell v. Hodges*, —— U.S. ——, 135 S.Ct. 2584, 192 L.Ed.2d 609 (2015). ***The expedient of placing final authority for name-changes in the state court system cannot operate to avoid accountability for potential violations of the federal constitution by other state officials***. Nor can it have the effect of negating the right of any person to bring an action under 42 U.S.C. § 1983, which lies within the subject-matter jurisdiction of the federal courts, see 28 U.S.C. §§ 1331, 1343(a).

*Id*. at 981-82 (emphasis added). Defendants' mutual responsibility-shifting positions on standing represent the realization of Judge Wood's worst-case scenario. The majority in *Holcomb* did not endorse such an outcome; it only required a sufficient causal connection between the official sued and enforcement of the statute to secure a likelihood of redress. *Id*. at 975-76. Plaintiffs have met their burden here, and thus have alleged standing as to all Defendants.

## II.     The Eleventh Amendment Does Not Bar Plaintiffs' Claims

Defendants further assert Eleventh Amendment immunity to Plaintiffs' claims. (Judges Memo at 6-7; Foxx Memo at 12-13). These arguments are essentially a reprise of Defendants' standing arguments, as Defendants assert they fall outside the exception to Eleventh Amendment immunity declared in *Ex Parte Young*, 209 U.S. 123, 157 (1908), because they lack a sufficient connection to enforcement of the Statute. (Judges Memo at 6-7; Foxx Memo at 12-13). These arguments are wrong for the same reasons Plaintiffs' standing arguments are wrong.

13

The Eleventh Amendment "does not bar suits against state officials if they are sued in their official capacities for 'prospective equitable relief' to remedy 'ongoing violations of federal law.'" *Mutter v. Rodriguez*, 700 F. App'x 528, 530 (7th Cir. 2017) (quoting *Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007); *Ex parte Young*, 209 U.S. at 159-60). In *Holcomb*, the Seventh Circuit recognized a plaintiff can avoid Eleventh Amendment immunity "by naming a state official who has 'some connection with the enforcement' of an allegedly unconstitutional state statute for the purpose of enjoining that enforcement." 883 F.3d at 975 (quoting *Ex Parte Young*, 209 U.S. at 157). The court further recognized that the requirements of *Ex Parte Young* "overlap significantly with the last two standing requirements—causation and redressability." *Id*. It then found the connection between the Indiana Governor and Indiana Attorney General and enforcement of Indiana's name change statute was too remote to avoid Eleventh Amendment immunity, because a mere "general duty" to enforce state law or to "support the constitutionality of a challenged state statute" is insufficient to give rise to standing; the state defendant must have "played some role in enforcing" and "not just defending" the "complained-of statute." *Id*. at 976-77. *See also Watford v. Quinn*, No. 14-cv-00571-MJR, 2014 U.S. Dist. LEXIS 92477, at *7 (S.D. Ill. July 7, 2014) (holding Illinois Governor was not a proper defendant because plaintiff failed to allege Governor's connection "to the enforcement or implementation" of the Illinois Name Change Statute).

Here, unlike in *Holcomb* and *Watford*, Plaintiffs have spelled out the individual roles of the Judge Defendants and Foxx in specifically enforcing, and not just defending, the Statute. *See* § I.B, *supra*. Defendants' efforts to distance themselves from Plaintiffs' constitutional injuries cannot alter the fact that each is connected with and plays a causal role in Plaintiffs' injuries—the Judge Defendants through their statutory role in enforcing the Ten-Year and Lifetime Prohibitions

and Foxx through her statutory role in filing objections and requesting updates to criminal history transcripts. (*Id.*; Compl. ¶¶ 13-14; 735 ILCS 5/21-101(b), (d)). Thus, whereas the Governor in *Holcomb* "was not specifically charged with a duty to enforce the name-change statute," has not "taken on any duty to enforce it," and "doesn't do anything" to enforce the statute, and the Attorney General "has not threatened to do anything, and cannot do anything" to enforce the statute, here all Defendants have a clear, explicit, and particularized statutory role in the enforcement of the Statute. 883 F.3d at 976-77. These roles constitute the requisite "connection with the enforcement" of the Statute, and preclude Defendants' assertion of Eleventh Amendment immunity.

### III. Plaintiffs' Claims Against the Judge Defendants Are Not Barred by Their "Judicial Role" as "Neutral Adjudicators"

Lastly, in two different sections of their brief, the Judge Defendants point to a line of authority cautioning "ordinarily" against the naming of judges as defendants in section 1983 actions. (*See* Judges Memo at 3-5, 6-7). The upshot of these rulings is that a plaintiff in a section 1983 suit typically is not in "controversy" with judges acting as "neutral adjudicators" rather than as enforcers, administrators, or interested parties. (*Id.* at 4, 6). The Judge Defendants' authorities do not apply, however, in a case such as this one where the inclusion of the Judge Defendants as Defendants is necessary to ensure full relief to Plaintiffs and to redress the Statute's constitutional wrongs, and where the Judge Defendants are named in their administrative capacities.

The Judge Defendants rely principally upon *in re Justices of the Supreme Court of Puerto Rico*, 695 F.2d 17, 21 (1st Cir. 1982). There, the First Circuit found the Justices of the Supreme Court of Puerto Rico were not properly named in a "nominal" capacity in an action challenging the constitutionality of bar dues statutes, where the Puerto Rico Bar Association and Bar Association Foundation were also named as the parties responsible for bringing actions to enforce the statutes, and where the Justices' "only function" under the challenges statutes "is to act as

neutral adjudicators *rather than as administrators*, enforcers, or advocates." *Id.* (emphasis added). The court acknowledged the result would be different in a case where "it is arguably necessary to enjoin a judge to *ensure full relief* to the parties." *Id.* at 23 (emphasis added) (citing *WXYZ, Inc. v. Hand*, 658 F.2d 420 (6th Cir. 1981)). It found that was not the case where the plaintiffs had also sued "the parties in whose hands the enforcement of the challenged statute is vested." *Id.* at 22.

The present case is quite different, because Plaintiffs cannot achieve full relief absent declaratory or injunctive relief against the Judge Defendants, and because the Judge Defendants are sued in their administrative capacity and not in their role as "neutral adjudicators." Unlike *In re Justices*, where the plaintiffs could sue and did sue other entities (the Bar Association and Foundation) vested with full enforcement authority, the Statute here requires the Judge Defendants to undertake an exclusive role in its administration and enforcement. The Judge Defendants are the sole administrative gatekeepers responsible for enforcing the Ten-Year and Lifetime Prohibitions' bars against filing a petition for name change. (Compl. ¶ 14; 735 ILCS 5/21-101(b)). Indeed, this obligation applies even if the State's Attorney files no objection and there is thus no "adversarial proceeding" to adjudicate; the Statute prohibits entry of an order granting the name change petition where its "conditions and requirements" have not been met. 735 ILCS 5/21-101(d).

The Judge Defendants ask this Court to disregard the reality that name change petitions under the Statute are frequently decided in an uncontested proceeding in which the judge merely examines the petition to determine whether there is "no reason why the prayer should not be granted[.]" 735 ILCS 5/21-101(d). In such instances, the Judge Defendants' forms "Order for Name Change," available at http://www.cookcountyclerkofcourt.org/Forms/pdf_files/NCO305-3.pdf (last accessed August 27, 2019), and "Request for Name Change," available at https://courts.illinois.gov/Forms/approved/name_change/NameChangePetitionAdult%20Revised

%20DV%20v1D3%20FINAL.pdf (last accessed August 28, 2019), are nothing more than ministerial checklists, with the judge granting or denying the petition based on which boxes are checked.[4] In these cases, the Judge Defendants' exclusive administrative role in barring the filing of petitions under the statutory requirements stands as the sole barrier to Plaintiffs' exercise of their First and Fourteenth Amendment rights, and thus complete redress can only be afforded through declaratory or injunctive relief directed to the Judge Defendants. Indeed, one of Defendants' own authorities acknowledges that it is "the exclusive prerogative of the state circuit courts, not the Governor, to grant a name change," leaving no doubt that complete relief is impossible if the Judge Defendants are excluded. *Watford*, 2014 U.S. Dist. LEXIS 92477, at *6. *In re Justices* and the Judge Defendants' other authorities acknowledge a "controversy" exists with respect to judges in such cases where complete relief cannot otherwise be afforded. *See In re Justices*, 695 F.2d at 23 (recognizing judges may be named as defendants to "ensure full relief"); *R.W.T. v. Dalton*, 712 F.3d 1225, 1223 (8th Cir. 1983) (holding state judges need not be named as defendants where "complete relief can be afforded" against other parties).

Moreover, Plaintiffs have named the Judge Defendants "solely in their official administrative capacities." (Compl. ¶ 14). The Judge Defendants' role in preventing the filing of Plaintiffs' name change petitions is not adjudicatory; it is administrative. Preventing the mere *filing* of a petition in accordance with a clear statutory mandate is a purely administrative function, as it does not "involve[] the exercise of discretion or judgment," but rather "is a ministerial act which might as well have been committed to a private person as to a judge." *Kowalski v. Boliker*, 893 F.3d 987, 998 (7th Cir. 2018) (quoting *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir.

---

[4] It is "entirely appropriate" for this Court to take judicial notice of this publicly available circuit court order as a matter of public record. *U.S. Bank, Nat'l Ass'n v. JKM Mundelein LLC*, No. 14 C 10048, 2015 U.S. Dist. LEXIS 61619, at *8-9 (N.D. Ill. May 12, 2015) (citing *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012)).

2005)).[5] *See also Snyder v. Nolen*, 380 F.3d 279, 288-89 (7th Cir. 2004) (finding that maintaining official record was "purely ministerial" and involved "none of the discretion" of judicial role). Whereas "[h]olding a hearing and signing orders are judicial functions," *Hunziker v. German-American State Bank*, No. 88-3160, 1990 U.S. App. LEXIS 11749, at \*5 (7th Cir. July 10, 1990), the Ten-Year and Lifetime Prohibitions prohibit even the ***filing*** of Plaintiffs' name change petitions, and thus precede any hearing or order in which the Judge Defendants carry out a judicial function. *See Hoard v. Reddy*, No. 97 C 2372, 1998 U.S. Dist. LEXIS 9395, at \*10 (N.D. Ill. June 12, 1998) (holding that "[c]lerical processing of a petition for post-conviction relief, while arguably integral to the judicial process, impresses this court as a ministerial function rather than a discretionary one"). Again, the Judge Defendants' own authorities acknowledge the propriety of naming a state judge as defendant in the performance of an administrative role. *See In re Justices*, 695 F.2d at 21; *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 199 (3d Cir. 2000) (recognizing a state judge is "amenable to suit under § 1983" where he or she acts as "an enforcer or administrator of a statute"); *see also Rivera-Puig v. Garcia-Rosario*, 983 F.2d 311, 318 (1st Cir. 1992) (noting *In re Justices* rules that, "if judges possess administrative responsibilities, they are proper parties for 'case or controversy' purposes on those issues").

Longstanding Supreme Court precedent likewise has repeatedly approved the pursuit of declaratory or injunctive relief against state judges where necessary to redress the infringement of constitutional rights. *See Pulliam v. Allen*, 466 U.S. 522, 540 (1984) (recognizing the intent of section 1983 is "to reach unconstitutional actions by all state actors, ***including judges***") (emphasis

---

[5] The Judge Defendants mistakenly assert their "administrative" role is only invoked when they have promulgated "rules, regulations, and policies" carrying out an unconstitutional statutory mandate. (Judges Memo at 5). That is not how the Seventh Circuit has distinguished between judicial and administrative functions; rather, the question is whether executing the statutory mandate entails the exercise of judgment or the carrying out of a non-discretionary ministerial act. *Kowalski*, 893 F.3d at 998.

added); *Virginia v. Consumers Union of America, Inc.*, 446 U.S. 719, 734-37 (1980) (holding judges can be sued for declaratory and injunctive relief in their enforcement capacity); *Mitchum v. Foster*, 407 U.S. 225, 242 (1972) (quoting *Ex Parte Virginia*, 100 U.S. 339, 346 (1879)) (declaring that "[t]he very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights – to protect the people from unconstitutional action under color of state law 'whether that action be executive, legislative, *or judicial*'") (emphasis added). That is the case here, where Plaintiffs will be left without adequate redress if the Judge Defendants are excluded from the relief sought.

The Judge Defendants note that, in response to *Pulliam*, Congress amended section 1983 in 1996 to state that, for an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity," injunctive relief may not be entered "unless a declaratory decree was violated or declaratory relief was unavailable." (Judges Memo at 7-8). The Judge Defendants construe this as a prohibition on even filing a claim for injunctive relief against them. (*Id.*). That overreaches the statutory amendment. As already discussed, Plaintiffs have sued the Judge Defendants in their administrative capacity, not in their judicial capacity. Regardless, even as amended, section 1983 authorizes injunctive relief where declaratory relief fails or is unavailable—a question of which relief Plaintiffs are ultimately entitled to recover in these proceedings. Whether the ultimate relief granted is declaratory or injunctive, however, Plaintiffs are entitled to pursue their claims against the Judge Defendants.

## REQUEST FOR ORAL ARGUMENT

Given the important constitutional questions raised by Plaintiffs' claims, and Defendants' efforts to interpose standing barriers that would strip Plaintiffs of any remedy for the constitutional wrongs against them, Plaintiffs request oral argument to further address the roles of the Judge Defendants and Foxx in enforcing and administering the Statute. Plaintiffs respectfully submit

such argument would assist the Court in evaluating the parties' respective arguments and in deciding the important question of Plaintiffs' standing to proceed against Defendants.

## CONCLUSION

Plaintiffs have adequately alleged well-pleaded facts demonstrating their constitutional standing to proceed against the Judge Defendants and Foxx, and have set forth claims on which this Court may grant relief. For the foregoing reasons, and to ensure Plaintiffs are not left subject to an irremediable constitutional wrong, Plaintiffs respectfully request that this Court enter an Order denying Defendants' motions to dismiss, and granting such other and further relief as the Court deems necessary and appropriate.

Dated:  August 29, 2019

By:    /s/ Gregory E. Ostfeld          
Greenberg Traurig, LLP
Gregory E. Ostfeld (ARDC # 6257163)
Martin Kedziora (ARDC # 6300162)
Lucia Marker Moore (ARDC # 6306511)
Brian Straw (ARDC # 6317181)
Alexandra Block (ARDC # 6312371)
77 West Wacker Drive, Suite 3100
Chicago, IL  60601
Telephone:  (312) 456-8400
Facsimile:  (312) 456-8435
ostfeldg@gtlaw.com
kedzioram@gtlaw.com
markermoorel@gtlaw.com
strawb@gtlaw.com
blocka@gtlaw.com

Lark Mulligan (ARDC # 6327361)
Transformative Justice Law Project of
Illinois
203 N Lasalle, Suite 2100
Chicago, Illinois 60601
Telephone: (312) 558-1472
Facsimile: (312) 558-1470
lark@tjlp.or

***Counsel for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2019, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this case.

/s/ Gregory E. Ostfeld