## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| REYNA ANGELINA ORTIZ | ) | |
| (legal name RAYMOND ORTIZ), *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 19 CV 2923 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | Magistrate Judge Susan E. Cox |
| KIMBERLY M. FOXX, not personally but | ) | |
| solely in her capacity as Cook County State's | ) | |
| Attorney, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT KIMBERLY M. FOXX'S REPLY IN SUPPORT OF
## MOTION TO DISMISS COMPLAINT

Defendant Kimberly M. Foxx ("the State's Attorney"), by counsel, respectfully submits this Reply Memorandum in Support of her Motion to Dismiss Plaintiff's Complaint ("Complaint").

### INTRODUCTION

Plaintiffs, eight transgender women with criminal convictions, have brought suit against Cook County State's Attorney Kimberly M. Foxx and two State of Illinois judges, Timothy C. Evans and Sharon M. Sullivan, each in their official capacities only. (Compl. at ¶¶1, 4, ECF No. 1.) Plaintiffs allege that, because of their convictions of certain felonies or misdemeanors, the Illinois name change statute (735 ILCS 5/21-101 *et seq.,* "the name change statute" or "the statute"), violates the United States Constitution because it prevents them from changing their legal names to match their chosen names. (Compl. at ¶¶1, 3, ECF No. 1.)

The State's Attorney and all other defendants have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and submitted their respective memoranda in support.

ECF. Nos. 23-26.  *See* FED. R. CIV. P. 12(b)(1), 12(b)(6).  This memorandum is the State's Attorney's Reply to Plaintiffs' Combined Response to Defendants' Motions to Dismiss ("Plaintiffs' Response").  (Pls.' Resp., ECF No. 31.)

## ARGUMENT

Every Plaintiff must establish Article III standing to invoke the federal court's subject matter jurisdiction as a threshold matter.  Plaintiff's Complaint fails to demonstrate how they have standing to sue the State's Attorney, and should therefore be dismissed pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction.  Plaintiffs further fail to establish this Court's jurisdiction because their claims against the State's Attorney are barred by the Eleventh Amendment.  Similarly, Plaintiffs Complaint fails to state a claim, and should be dismissed under FED. R. CIV. P. 12(b)(6).

### I.     The Pre-2010 Name Change Plaintiffs Have Not Pled a Legally Actionable Injury or Claim Connected to the State's Attorney

The State's Attorney has moved for dismissal of Plaintiffs' Complaint as to the Pre-2010 Name Change Plaintiffs based in part on the failure of their Complaint to plead an injury, such that they cannot establish standing or state a claim.

To support their contention that they have suffered an injury and pled a legally viable claim, the Pre-2010 Name Change Plaintiffs point to paragraphs 117 through 121 of their Complaint.  (Pls'. Resp. 8, ECF No. 31.)  Those paragraphs, however, describe how the Pre-2010 Name Change Plaintiffs "adopted and lived under their chosen names prior to July 1, 2010," such that they "legally changed their names pursuant to the common law," prior to a July 2010 amendment to the Illinois Name Change Statute that invalidated common law name changes "on or after July 1, 2010[.]"  (Compl. at ¶¶ 117, 118, 120; ECF No. 1.)  In their Response, these Plaintiffs do not claim that the legal effect of the Illinois name change statute has caused their

2

alleged injuries. Rather, they argue that the "practical consequence of the Statute has been to retroactively invalidate their common law name changes." (Pls'. Resp. 8, 9, ECF No. 31.)

The Pre-2010 Plaintiffs fail to demonstrate, however, how the Illinois Name Change Statute or any action of the State's Attorney in relation to that statute led to that practical effect. In their Complaint and Response, these Plaintiffs argue that they have been unable to change their names on their government-issued identification, leading to a cascade of negative consequences. (Pls.' Resp. 8, *see generally* Compl., ECF No. 1.) However, the Pre-2010 Name Change Plaintiffs have failed to establish how those consequences are the result of the name change statute or caused by the actions of the State's Attorney in relation to the statute. (*See* Pls.' Resp. 9, ECF No. 31.) [1]

Even if the Pre-2010 Name Change Plaintiffs have sufficiently pled legally cognizable injuries, their inability to change the names on their government-issued identifications has no nexus to the State's Attorney as it is not the State's Attorney's role to issue government identification. (*See* Compl. at ¶120, ECF No. 1.) Furthermore, these Plaintiffs lack standing to sue the State's Attorney for injuries caused by the refusal of third parties to recognize Plaintiffs' legally assumed names, even if that third-party's refusal is unjustified or potentially unlawful. While Plaintiffs argue this case should hinge on the "particular circumstances" and "individual application facts" of their cases, their Complaint makes no allegation that Plaintiffs attempted to change their government-issued identifications or that these Plaintiffs would be prevented from doing so by operation of the name change statute or any action of the State's Attorney. (Pls.' Resp. 9, ECF No. 31; *see also* Compl., ECF No. 1.) Especially as to the Pre-2010 Name Change

---

[1] Despite Plaintiffs' assertion in their Response of a dispute ripe for trial, the State's Attorney has not challenged the factual allegations of Plaintiff's claims in her Motion to Dismiss; however, "legal conclusions and conclusory allegations … are not entitled to [a] presumption of truth[.]" *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 1011) (citation omitted).

3

Plaintiffs, there is simply no nexus between the State's Attorney and Plaintiffs' claims of injury. Thus, Plaintiffs have failed to establish standing.

**II. Plaintiffs' Injuries Are Not Caused by the State's Attorney and Cannot be Redressed by a Suit Against Her; She Does Not Enforce the Statute.**

Even if they have pled injuries, all Plaintiffs lack standing because the State's Attorney is not connected to the enforcement of the allegedly unconstitutional name change statute. Again, while Plaintiffs argue in their Response that this Court must consider their "particular circumstances" and "individual application facts" when deciding whether they have pled a claim, their Complaint raises no allegation that the State's Attorney has performed or even threatened to perform the actions they argue would be unconstitutional. *Id.* In their Complaint and Response, Plaintiffs repeat that the name change statute permits the State's Attorney to file written objections and/or request that a petitioner be ordered to update his or her criminal history transcript with the State Police. (Compl., ECF No. 1; Pls.' Resp. 10., ECF No. 31), s*ee* 735 ILCS 5/21-102(b). Citing these two provisions of the statute, Plaintiffs argue that the State's Attorney "is charged with raising objections and criminal history issues demonstrating why Plaintiffs' name change petitions should not be granted." (Pls.' Resp at 10, ECF No. 31.) However, the State's Attorney is not mandated to perform either of those tasks. Rather, the statute gives her (and others) the *option* – not the obligation – to perform them. 735 ILCS 5/21-101 *et. seq.*

A petitioner updating his or her criminal history transcript serves to ensure the petitioner's transcript matches the petitioner's requested name. It does not, as Plaintiffs argue, have the effect of "raising … criminal history issues demonstrating why Plaintiff's name change petitions should not be granted." (Pls.' Resp. 10, ECF No. 31.) A petitioner him- or herself would have already raised those issues, since the statute requires a name change petitioner to

4

include a statement within the petition as whether or not the petitioner, "has been adjudicated or convicted of a felony or misdemeanor offense under the laws of this State or any other state for which a pardon has not been granted[.]"  735 ILCS 5/21-102(b).  Thus, even if the State's Attorney chose to request the court to order updated transcripts – which the statute only allows her to do if the petitioner's statement affirmatively indicates potentially disqualifying criminal history – doing so would not necessarily affect whether or not Plaintiffs' petitions were successful.  *Id.*

The State's Attorney is further removed from any enforcement of the statute because nothing in the statute requires the court to grant the State's Attorney's request, even if she were to make it.  *Id.*  Only the court can order the petitioner to update his or her transcripts.  The court can also order the petitioner to conduct an update on its own motion, even in the absence of a request from the State's Attorney.  *Id.*  Plaintiffs have made no showing that a request was made by the State's Attorney here.

Similarly, the State's Attorney has only the option, but not the obligation, to file written objections to name change petitions.  Again, Plaintiffs have made no showing that an objection was made by the State's Attorney here.  Even so, as set forth in the State's Attorney's Memorandum in Support, the State's Attorney is not a proper defendant because she lacks any enforcement authority to grant or deny petitions brought under the name change statute.  (*See* State's Attorney's Mem. in Supp. 10-12, ECF No. 23.)  Plaintiffs' Response has not refuted this, and their only response is that the State's Attorney's argument "would point to the Judge Defendants as the property party defendants, as *they are the sole officials* charged with enforcing the Ten-Year and Lifetime Prohibitions to prevent the filing of name change petitions."  (Pls.' Resp. 11, ECF No. 31 (emphasis added)).  While it is not the State's Attorney's role to opine

whether Plaintiffs have properly named other defendants in this case or sufficiently pled a case against them, this portion of Plaintiff's Response is significant because it concedes that the State's Attorney is not charged with enforcing the portions of the statute they claim causes their injuries. *Id.*

Plaintiffs' Response further fails to distinguish the Seventh Circuit's reasoning in *Doe v. Holcomb* from the facts of this case regarding the State's Attorney's lack of authority to grant or deny name change petitions. 883 F.3d 971 (7th Cir. 2018). In *Holcomb,* the plaintiff unsuccessfully sued various Indiana state officials in their official capacities, alleging that the Indiana name change statute was unconstitutional because it required petitioners to prove U.S. citizenship. *Id.* at 975. Plaintiffs agree that the *Holcomb* court held the plaintiff lacked standing to sue the clerk of court because the clerk "has no power to grant or deny a petition" and lacks authority to screen them. (Pls.' Resp. 12, ECF No. 31), *Holcomb* at 979. Those factors, according to the *Holcomb* court, demonstrated how the plaintiff "failed to show that the [c]lerk has any authority in the name-change process." *Holcomb* at 979.

Plaintiffs incorrectly cite this language – that the clerk "has no 'authority in the name-change process'" – as one of several reasons the *Holcomb* plaintiff was found to lack standing. (Pls.' Resp. 12, ECF No. 31), *Holcomb* at 979. Instead, a close reading of the case reveals that, while the clerk did play some role by accepting and processing name change petitions, the *Holcomb* court found that the clerk could not be sued because its inability to grant, deny or screen the petitions constituted an ultimate lack of authority in the name change process. *Holcomb* at 979.

While the Illinois statute may allow the State's Attorney to file objections or request the court to order updates to criminal history transcripts, those tasks give her no authority over the

proceedings or the outcome. She does not enforce those provisions of the statute nor determine the result of her request or objection. Like the clerk in *Holcomb,* the State's Attorney does not serve as the gatekeeper to the Plaintiffs petitions for a name change, nor can she grant or deny them. While the State's Attorney is, at her option, afforded some role in the process, she has no authority to decide, effectuate, or enforce the result. The *Holcomb* decision entirely supports dismissal of Plaintiffs' Complaint against the State's Attorney.

As cited in the State's Attorney's Memorandum in Support, this case is also similar to *Watford v. Quinn,* 2014 U.S. Dist. LEXIS 92477 (S.D. Ill. July 8, 2014). The *Holcomb* court noted in its decision that, in *Watford,* "an Illinois statute prohibiting prisoners from petitioning for name changes 'makes clear that it is the *exclusive prerogative* of the state circuit courts, not the Governor, to grant a name change,'" such that, "consequently, the Eleventh Amendment barred the suit against the governor." *Holcomb* at 976 (citing *Watford v. Quinn* at *2-3) (emphasis added). Similarly, it is not the State's Attorney's prerogative to grant or deny a name change. Thus Plaintiff's Complaint against her is barred by the Eleventh Amendment.

Plaintiffs' argument that barring the State's Attorney from objecting to their petitions is necessary in order for Plaintiffs to obtain relief is without merit. (Pls.' Resp. 12, ECF No. 31.) The absence of an objection from the State's Attorney would not entitle the Plaintiffs to relief. The court is not obligated to sustain an objection from the State's Attorney, nor does her failure to object require or even allow the court to grant the petition. 735 ILCS 5/21-101(d). A court is well within its power to deny a name change petition on grounds totally unrelated to a petitioner's criminal history. *Id.* Plaintiffs' complaints concerning the name change statute cannot be redressed by a favorable outcome against the State's Attorney in this case.

## CONCLUSION

Based upon the foregoing, and the arguments set forth in the State's Attorney's Memorandum in Support of her Motion to Dismiss Complaint, Plaintiffs' Complaint should be dismissed in its entirety.


Dated: September 26, 2019                    Respectfully submitted,

KIMBERLY M. FOXX                             */s/ Jeremy P. Bergstrom*
Cook County State's Attorney                 Assistant State's Attorney
                                             Cook County State's Attorney's Office
                                             Civil Actions Bureau
                                             Advice, Business and Complex Litigation Division
                                             Municipal Litigation Section
                                             50 West Washington Street, Room 500
                                             Chicago, Illinois  60602-1356
                                             Tel:    312-603-2355
                                             Email: jeremy.bergstrom@cookcountyil.gov

                                             *Counsel for Defendant Kimberly M. Foxx,*
                                             *Cook County State's Attorney*

8