IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **REYNA ANGELINA ORTIZ** (legal name **Raymond Ortiz**), **KEISHA ALLEN** (legal name **Wayne Allen**), **AMARI GARZA** (legal name **Armando Garza**), **HEAVEN EDWARDS** (legal name **Patrick Edwards**), **EISHA LATRICE LOVE** (legal name **Darveris Lamar Love**), **SHAMIKA LOPEZ CLAY** (legal name **Marcus Clay**), **SAVANNAH JOSEPHINE FRAZIER** (legal name **Tony Willis**) and **KAMORA LOVELACE** (legal name **Latuan Walker**),<br><br>Plaintiffs,<br><br>v.<br><br>**KIMBERLY M. FOXX,** not personally but solely in her capacity as Cook County State's Attorney, **TIMOTHY C. EVANS,** not personally but solely in his capacity as the Chief Judge of the Circuit Court of Cook County, and **SHARON M. SULLIVAN,** not personally but solely in her capacity as the Presiding Judge of the County Division of the Circuit Court of Cook County,<br><br>Defendants. | **Case No. 19-cv-02923**<br><br>**The Honorable John F. Kness**<br><br>**Magistrate Judge Susan E. Cox** |

## JOINT STATUS REPORT IN REASSIGNED CASE

Plaintiffs Reyna Angelina Ortiz (legal name Raymond Ortiz), Keisha Allen (legal name Wayne Allen), Amari Garza (legal name Armando Garza), Heaven Edwards (legal name Patrick Edwards), Eisha Latrice Love (legal name Darveris Lamar Love), Shamika Lopez Clay (legal name Marcus Clay), Savannah Josephine Frazier (legal name Tony Willis) and Kamora Lovelace (legal name Latuan Walker) (collectively "Plaintiffs"), and Defendants Kimberly M. Fox, Timothy C. Evans and Sharon M. Sullivan (collectively "Defendants"), pursuant to this Court's order dated

April 27, 2020 (Docket No. 42) and the Northern District of Illinois' Third Amended General Order 20-0012, submit this Joint Status Report and state as follows:

### I. Nature of the Case

A. Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

*Counsel for Plaintiffs:*
Gregory E. Ostfeld (ARDC # 6257163) (lead counsel)
Martin Kedziora (ARDC # 6300162)
Lucia Marker-Moore (ARDC # 6306511)
Brian Straw (ARDC # 6317181)
Alexandra Block (ARDC # 6312371)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
ostfeldg@gtlaw.com
kedzioram@gtlaw.com
markermoorel@gtlaw.com
strawb@gtlaw.com
blocka@gtlaw.com

Lark Mulligan (ARDC # 6327361)
Transformative Justice Law Project of Illinois
203 N Lasalle, Suite 2100
Chicago, Illinois 60601
Telephone: (312) 558-1472
Facsimile: (312) 558-1470
lark@tjlp.org

*Counsel for Defendant Kimberly M. Foxx:*
Jeremy P. Bergstrom
Assistant State's Attorney
Cook County State's Attorney's Office
Civil Actions Bureau
Advice, Business and Complex Litigation Division
Municipal Litigation Section
50 West Washington Street, Room 500
Chicago, Illinois 60602-1356
Tel: 312-603-5440
Email: jeremy.bergstrom@cookcountyil.gov

*Counsel for Defendants*
*Chief Judge Timothy C. Evans and*
*Presiding Judge Sharon M. Sullivan:*
Sarah H. Newman
Assistant Attorney General
Office of the Attorney General of Illinois
General Law Bureau
100 W. Randolph, 13th Floor
Chicago, Illinois 60601
Tel: (312) 814-6131
snewman@atg.state.il.us

    B.  State the basis for federal jurisdiction.

Plaintiffs have brought this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, to redress the alleged deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution. As a result, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

    C.  Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Plaintiffs seek redress under 42 U.S.C. § 1983, claiming violations of their First and Fourteenth Amendment rights resulting from Defendants' alleged enforcement of onerous restrictions of the Illinois Name Change Statute, 735 ILCS 5/21-101 *et seq.* (the "Statute"), as applied to Plaintiffs. Plaintiffs allege that the restrictions in the Statute constitute arbitrary, overbroad, and unreasonable prior restraints. They further allege that these restrictions have prevented Plaintiffs, as transgender women, from changing their names so that their legal names and the names contained on their government-issued identifications match their chosen names and identities. They allege that the application of the Statute to Plaintiffs has endangered their physical safety, their mental well-being, and their liberty to express themselves.

    D.  Describe the relief sought by the plaintiff(s). Quantify the damages, if any. (A ballpark estimate is acceptable and will not be admissible; it is simply to give the Court a feel for the case.)

Plaintiffs seek declaratory and injunctive relief, seeking a declaration that the Statute is unconstitutional as applied to them, and enjoining Defendants—the State of Illinois officials responsible, in their official capacities, for enforcing the Statute, preventing Plaintiffs from filing petitions for name changes, and denying any petitions for name changes filed by Plaintiffs—from (a) objecting to Plaintiffs' name change petitions; (b) preventing Plaintiffs' filing of name change petitions; and (c) denying Plaintiffs' name change petitions on the grounds that Plaintiffs have been convicted of felonies within the past ten years or have been convicted of other specified felonies or misdemeanors barring them from filing petitions for name changes under 735 ILCS 5/21-101(b).

Plaintiffs are not seeking monetary damages in this action.

   E. List the names of any parties who have not yet been served.

All parties have been served and appeared in the case.

**II.** **Discovery and Pending Motions**

   A. Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any. Have any of the pending motions been mooted? Do any of the pending motions no longer require a ruling for any other reason?

This case currently awaits ruling on two pending motions to dismiss. On May 1, 2019, Plaintiff's filed their Complaint (Docket No. 1). In response, Defendants filed Motions to Dismiss on July 15, 2019 (Docket Nos. 22 and 25).[1] Plaintiffs filed a combined Response to Motions to Dismiss on August 29, 2020 (Docket No. 31), which was followed by Defendants' Replies on September 26, 2019 (Docket Nos. 36 and 37). Defendants have not contested at the dismissal stage the substantive grounds alleged by Plaintiffs in presenting their claims that the Illinois Name

---

[1] Two Motions to Dismiss were filed. The Cook County State's Attorney's Office filed a motion behalf of Defendant Kimberly M. Foxx (Docket No. 22). The Attorney General of Illinois filed a motion on behalf of Chief Judge Timothy C. Evans and Presiding Judge Sharon M. Sullivan (Docket No. 25).

4

Change Statute as applied to them deprives them of their First and Fourteenth Amendment rights. Rather, Defendants challenge Plaintiffs' standing and contend that Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Additionally, Defendants contend that they are not proper defendants for challenge to the Statute under the *Ex Parte Young* doctrine; Defendant Foxx because she does not enforce the statute, and Defendants Evans and Sullivan because they are acting in an adjudicative rather than enforcement capacity, and further because Section 1983 bars injunctive relief against judges in these circumstances. Plaintiffs have responded that Defendants' efforts to interpose standing, immunity, or *Ex Parte Young* as obstacles to Plaintiffs' constitutional claims would leave Plaintiffs with no avenue for redress of their constitutional injuries, and argue that neither Rule 12(b)(6) nor standing or immunity precedent supports such an outcome because Defendants are causally connected to Plaintiffs' injuries through their roles in carrying out and enforcing the Statute.

This case was originally assigned to the Honorable Charles P. Kocoras. On February 28, 2020, it was reassigned to the Honorable John F. Kness. No action has taken place since the reassignment, no ruling has issued on the pending Motions to Dismiss, and the Motions to Dismiss have not been mooted.

No other motions are pending and discovery has not commenced while the Motions to Dismiss have remained pending.

   B.  Is this case in the "Mandatory Initial Discovery Pilot" (MIDP) Project? (Information about the MIDP can be found on the Northern District of Illinois home webpage, under "Resources & Information.") If the case is subject to MIDP, the parties should be prepared to report on the status of compliance with the MIDP and any upcoming MIDP deadlines.

This case is not included in the MIDP.

   C.  What is the current discovery schedule?

No discovery schedule has been entered in this case.

D. Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery, and state whether discovery has been bifurcated. Describe any discovery that the parties still need to complete. Do the parties anticipate that they will complete discovery by the current deadline?

No fact or expert discovery have yet been conducted in the case. The Parties propose continuing staying discovery until after resolution of the Motions to Dismiss.

E. Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)

None.

F. Briefly describe any anticipated motions.

The parties do not anticipate any motions at this time.

### III. Trial

A. Have any of the parties demanded a jury trial?

Plaintiffs and Defendants have not demanded a jury trial, as this is an action solely for declaratory and injunctive relief.

B. What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?

No trial date has been yet set. The parties anticipate the case being ready for trial in Spring of 2021.

C. Have the parties filed a final pretrial order? If not, when is the deadline for the filing?

The parties have not filed a final pretrial order and no deadline has be set for filing of such pretrial order.

D. Estimate the length of trial.

1 week.

**IV.** **Settlement, Referrals, and Consent**

A. Have any settlement discussions taken place? If so, what is the status? Has the plaintiff issued a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)

The Parties have not engaged in settlement discussions.

B. Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?

No.

C. Do the parties wish to request a settlement conference with the assigned Magistrate Judge?

No.

D. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?

The parties do not unanimously consent to proceeding before the assigned Magistrate Judge.

**V.** **Other**

A. Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

This case is one of several pending around the country challenging the constitutionality of state name change statutes as applied to transgender individuals. Of these cases, however, the Illinois Name Change Statute is by far the most onerous in the country in the wait time it imposes for persons convicted of felonies to file petitions for name changes, barring any persons with a felony conviction from changing their legal name until ten years after the completion and discharge from their sentence. 735 ILCS 5/21-101(b). Moreover, persons convicted of certain felonies or misdemeanors, including identity theft and specified sexual offenses, are not permitted to file petitions for name changes at all unless pardoned. *Id*. The impact of these restraints on transgender

individuals like Plaintiffs cannot be overstated. Plaintiffs will show that having a legal name on their government-issued identifications and for use on legal forms that does not match their outward appearance routinely exposes them to harassment, discrimination, deprivation of government services, and even physical threats and danger. The restraints of the Statute, as applied to Plaintiffs, also do not further and are not related to any legitimate or important state interest. To the contrary, the restraints are arbitrary, unreasonable, and serve to infringe Plaintiffs' fundamental rights of speech, self-expression, liberty, and due process under the First and Fourteenth Amendments to the United States Constitution. The idea that Plaintiffs could be denied constitutional relief on standing or immunity grounds because the Illinois Name Change Statute places its administration in the hands of Illinois States' Attorneys and judges, rather than administrators, is constitutionally unsound and cannot be reconciled with the "most settled of equitable doctrines" that "[e]quity will not suffer a wrong without a remedy." *Bangor Punta Operations v. Bangor A. R. Co.*, 417 U.S. 703, 732 (1974) (Marshall, J., dissenting) (quoting *Independent Wireless Tel. Co. v. Radio Corp. of America*, 269 U.S. 459, 472 (1926)). Plaintiffs ask that the Motions to Dismiss be denied and that they be permitted to proceed with prompt discovery and a merits hearing on their request for declaratory and injunctive relief.

        B.     Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

By submitting this joint status report, Defendants do not adopt or concede Plaintiffs' factual characterizations or arguments presented above. Instead, Defendants will appreciate the Court's consideration of their Motions to Dismiss.

Respectfully submitted: May 18, 2020

By: */s/ Gregory E. Ostfeld*

Gregory E. Ostfeld (ARDC # 6257163)
Martin Kedziora (ARDC # 6300162)
Lucia Marker-Moore (ARDC # 6306511)
Brian Straw (ARDC # 6317181)
Alexandra Block (ARDC # 6312371)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
ostfeldg@gtlaw.com
kedzioram@gtlaw.com
markermoorel@gtlaw.com
strawb@gtlaw.com
blocka@gtlaw.com

Lark Mulligan (ARDC # 6327361)
Transformative Justice Law Project of Illinois
203 N Lasalle, Suite 2100
Chicago, Illinois 60601
Telephone: (312) 558-1472
Facsimile: (312) 558-1470
lark@tjlp.org

**Counsel for Plaintiffs**

By: */s/ Sarah H. Newman*

Sarah H. Newman
Assistant Attorney General
Office of the Attorney General of Illinois
General Law Bureau
100 W. Randolph, 13th Floor
Chicago, Illinois 60601
Tel: (312) 814-6131
snewman@atg.state.il.us

**Counsel for Defendants**
***Chief Judge Timothy C. Evans and Presiding Judge Sharon M. Sullivan***

By: */s/ Jeremy P. Bergstrom*
Jeremy P. Bergstrom
Assistant State's Attorney
Cook County State's Attorney's Office
Civil Actions Bureau
Advice, Business and Complex Litigation Division
Municipal Litigation Section
50 West Washington Street, Room 500
Chicago, Illinois 60602-1356
Tel: 312-603-5440
Email: jeremy.bergstrom@cookcountyil.gov

**Counsel for Defendant Kimberly M. Foxx**

**CERTIFICATE OF SERVICE**

Gregory E. Ostfeld, an attorney, certifies that on May 18, 2020, I electronically filed the foregoing Joint Status Report in a Reassigned Case with the Clerk of the Court using the CM/ECF system, which will serve notice of such filing upon the parties of record.

*/s/ Gregory E. Ostfeld*
One of the Attorneys for Plaintiffs