IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **REYNA ANGELINA ORTIZ** (legal name **Raymond Ortiz**), **KEISHA ALLEN** (legal name **Wayne Allen**), **AMARI GARZA** (legal name **Armando Garza**), **HEAVEN EDWARDS** (legal name **Patrick Edwards**), **EISHA LATRICE LOVE** (legal name **Darveris Lamar Love**), **SHAMIKA LOPEZ CLAY** (legal name **Marcus Clay**), **SAVANNAH JOSEPHINE FRAZIER** (legal name **Tony Willis**) and **KAMORA LOVELACE** (legal name **Latuan Walker**), <br><br> Plaintiffs, <br><br> v. <br><br> **KIMBERLY M. FOXX,** not personally but solely in her capacity as Cook County State's Attorney, **TIMOTHY C. EVANS,** not personally but solely in his capacity as the Chief Judge of the Circuit Court of Cook County, and **SHARON M. SULLIVAN,** not personally but solely in her capacity as the Presiding Judge of the County Division of the Circuit Court of Cook County, <br><br> Defendants. | **Case No. 19-cv-02923** <br><br> **The Honorable John F. Kness** <br><br> **Magistrate Judge Susan E. Cox** |

**PLAINTIFFS' MOTION FOR ORAL ARGUMENT
ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiffs Reyna Angelina Ortiz (legal name Raymond Ortiz), Keisha Allen (legal name Wayne Allen), Heaven Edwards (legal name Patrick Edwards), Eisha Latrice Love (legal name Darveris Lamar Love), Shamika Lopez Clay (legal name Marcus Clay), Savannah Josephine Frazier (legal name Tony Willis), and Kamora Lovelace (legal name Latuan Walker) (collectively "Plaintiffs"), by their undersigned counsel, and pursuant to L.R. 78.3, respectfully move the Court to allow oral argument on Defendants' Motions to Dismiss Plaintiffs' Complaint, and, in support of their request, state as follows:

1. On May 1, 2019, Plaintiffs filed their 137-paragraph Complaint which includes three counts under 42 U.S.C. § 1983 for First Amendment violations regarding Plaintiffs' free speech (Count I); Fourteenth Amendment violations regarding Plaintiffs' due process and property rights (Count II); and Fourteenth Amendment violations regarding Plaintiffs' due process and liberty rights (Count III).

2. In July 2019, Defendants moved to dismiss asserting that they do not enforce the name change statute. Defendant Kimberly M. Foxx asserts that, "[o]nly the court has the power to enforce the aspects of the name change statute alleged by Plaintiffs to be unconstitutional." (ECF 23, at 13.) The State Judge Defendants assert that they are not proper defendants because "[t]hey do not bring actions to enforce the statute, nor do they act in a prosecutorial or adversarial role." (ECF 26, at 5.) In short, each set of Defendants essentially says the other is responsible for enforcement, leaving (in Defendants' view) no party Plaintiffs would have standing to sue.

3. Plaintiffs noted in response that if the Court accepts Defendants' arguments, Plaintiffs would be left "in a perpetual state of continuing constitutional violation with no legal redress, as Defendants are the only officials responsible for enforcing the provisions of the Statute causing injury to Plaintiffs, and, therefore, the only officials properly subject to suit under the Seventh Circuit's ruling in *Doe v. Holcomb*, 883 F.3d 971 (7th Cir. 2018)." (ECF 31, at 6-7.) As Plaintiffs note, the State Judge Defendants' argument points to Foxx as the proper party defendant and Foxx's argument points to the State Judge Defendants. (ECF 31, at 15-16.)

4. Defendants' motions to dismiss have been fully briefed since September 26, 2019.

5. On June 30, 2021 – 21 months after Defendants' motions had been fully briefed – Plaintiffs submitted supplemental authority regarding the issues raised by Defendants' in their motions to dismiss.

6. Plaintiffs submit that oral argument on Defendants' Motion to Dismiss will likely assist the Court in assessing the merits of Defendants' various arguments, and allow Defendants the opportunity to explain why the other Defendants, instead of them, are the proper party. This will allow the Court to resolve Defendants' motions which are quickly approaching two years since the Parties completed briefing.[1]

7. Plaintiffs request that each party be permitted twenty (20) minutes to present their oral arguments.

8. Defendants do not oppose this Motion, and no briefing schedule is necessary. The State Defendants do not see a need for oral argument but defer to the Court on the issue.

---

[1] Sadly, one of the Plaintiffs, Amari Garza, has passed away while this case has been pending, and will never have the opportunity have her legal name match her chosen name. Plaintiffs respectfully submit this tragic circumstance highlights the need to move forward with an adjudication of their rights, and hope that an oral argument will assist the Court in evaluating the legal issues and issuing a ruling to enable Plaintiffs to move towards that goal.

Dated: September 1, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Brian D. Straw*

　　　　　　　　　　　　　　　　　　　　　Gregory E. Ostfeld (ARDC # 6257163)
　　　　　　　　　　　　　　　　　　　　　Martin Kedziora (ARDC # 6300162)
　　　　　　　　　　　　　　　　　　　　　Lucia Marker-Moore (ARDC # 6306511)
　　　　　　　　　　　　　　　　　　　　　Brian Straw (ARDC # 6317181)
　　　　　　　　　　　　　　　　　　　　　Alexandra Block (ARDC # 6312371)
　　　　　　　　　　　　　　　　　　　　　Greenberg Traurig, LLP
　　　　　　　　　　　　　　　　　　　　　77 West Wacker Drive, Suite 3100
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　Telephone: (312) 456-8400
　　　　　　　　　　　　　　　　　　　　　Facsimile: (312) 456-8435
　　　　　　　　　　　　　　　　　　　　　ostfeldg@gtlaw.com
　　　　　　　　　　　　　　　　　　　　　kedzioram@gtlaw.com
　　　　　　　　　　　　　　　　　　　　　markermoorel@gtlaw.com
　　　　　　　　　　　　　　　　　　　　　strawb@gtlaw.com
　　　　　　　　　　　　　　　　　　　　　blocka@gtlaw.com

　　　　　　　　　　　　　　　　　　　　　Molly Kafka # 10518
　　　　　　　　　　　　　　　　　　　　　Transformative Justice Law Project of Illinois
　　　　　　　　　　　　　　　　　　　　　203 N. Lasalle, Suite 2100
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　Telephone: (312) 210-9886
　　　　　　　　　　　　　　　　　　　　　molly@tjlp.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2021 a true and correct copy of the foregoing was filed electronically with the Clerk of Court for the United States District Court for the Northern District of Illinois by using the Case Management/Electronic Case Filing System ("CM/ECF"), which will send notification of such filing to all counsel of record.

*/s/ Brian D. Straw*
Brian D. Straw